Argued and submitted May 2, affirmed in part, reversed in part, and remanded
July 2, reconsideration denied August 15, petition for review allowed
November 4, 1986 (302 Or 194)

RAJNEESH FOUNDATION INTERNATIONAL et al,
*Appellants - Cross-Respondents,*

*v.*

McGREER,
*Respondent - Cross-Appellant.*

McGREER,
*Appellant,*

*v.*

RAJNEESH FOUNDATION INTERNATIONAL et al,
*Respondents.*

(A8310-06678; CA A31894)

721 P2d 867

Robert J. McCrea, Eugene, argued the cause for appellants - cross-respondents Rajneesh Foundation International and Rajneesh Neo-Sannyas International Commune. On the briefs were The Rajneesh Legal Services Corporation and Ma Deva Anando, Rajneeshpuram.

Mark L. Cushing, Portland, argued the cause for respondent - cross-appellant Rosemary McGreer. With him on the brief were Barbee B. Lyon and Tonkon, Torp, Galen, Marmaduke & Booth, Portland.

No appearance for appellant - cross-respondent Ma Anand Sheela.

Mark L. Cushing, Portland, argued the cause for appellant, Rosemary McGreer. With him on the briefs were Barbee B. Lyon and Tonkon, Torp, Galen, Marmaduke & Booth, Portland.

Robert J. McCrea, Eugene, argued the cause for respondents Rajneesh Foundation International and Rajneesh Neo-Sannyas International Commune. On the brief were The Rajneesh Legal Services Corporation and Ma Prem Sheelu, Rajneeshpuram.

No appearance for respondents Ma Anand Sheela or Bhagwan Shree Rajneesh.

Before Richardson, Presiding Judge, and Rossman and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

■ Plaintiffs initiated this action, alleging that defendant had defamed them. Defendant counterclaimed, alleging that plaintiffs and Bhagwan Shree Rajneesh (Rajneesh)[1] defamed her in three respects and that they had conspired to violate her constitutional rights, giving her a right of action under 42 USC § 1985(3). After plaintiffs filed their answer to the counterclaim, Rajneesh disobeyed the court's order to appear for a deposition, and the presiding judge of the Multnomah County Circuit Court ordered as sanctions that all of plaintiffs' pleadings be stricken and that an order of default be entered against them on the counterclaim. ORCP 46. The presiding judge later entered an order dismissing plaintiffs' complaint and declaring them to be in default on the counterclaim under ORCP 69.[2] The presiding judge assigned the case to the trial judge to determine damages and enter judgment. Plaintiffs then filed a motion to dismiss both the defamation and the section 1985 counterclaims on the ground that they fail to state claims. The court denied the motion as to the defamation claims, allowed it as to the section 1985 claim and awarded defendant damages of $75,000.

■ Plaintiffs appeal, assigning as error the court's denial of the motion to dismiss the defamation claims.[3] They do *not*

---

[1] For ease of reference, we will include Rajneesh in the term "plaintiffs" in the balance of this opinion. In all other respects, we will refer to the parties by their designations in connection with plaintiffs' claim, although it is defendant's counterclaim which is principally at issue here. Rajneesh failed to perfect an appeal from the trial court's judgment, but the named plaintiffs have appealed. The judgment awards damages only against Rajneesh and plaintiffs Rajneesh Foundation International and Ma Anand Sheela.

[2] ORCP 69 applies to "an ordered default under Rule 46." Council on Court Procedures, Comment to ORCP 69, quoted in Merrill, *Oregon Rules of Civil Procedure: 1984 Handbook,* 164.

[3] The initial question is whether we have jurisdiction over plaintiffs' appeal. ORS 19.020 does not permit appeals from judgments "given * * * for want of an answer." Although the Supreme Court recently reiterated in *Henry and Henry,* 301 Or 185, 721 P2d 430 (1986), that a *void* default judgment given for want of an answer is nevertheless appealable, the judgment in this case is clearly not void. *See* note 6, *infra.* Plaintiffs' answer to the counterclaim was stricken. For purposes of the entry of default and of a default judgment, failure or inability of a party to replead after its answer has been stricken has the same effect as a failure to file any answer at all. *See Kosher v. Stuart,* 64 Or 123, 121 P 901, 129 P 491 (1913). However, the default in this case did not result exclusively from the absence of an answer; the entry of default was a specific direction of the presiding judge in his ORCP 46 sanction order. Although the question is close, we conclude that we have jurisdiction to consider plaintiffs' appeal.

argue that they moved to vacate the order of default or that the trial judge erred by failing to vacate the default. Defendant cross-appeals, contending that the court erred by dismissing her section 1985 action. In our view, the same considerations resolve both the appeal and the cross-appeal. Defendant argues that the trial court had no authority to entertain plaintiffs' motion to dismiss in the face of the unchallenged order of default. Plaintiffs argue that a motion to dismiss for failure to state a claim can be made at any point in the proceedings, ORCP 21G(3); *Telford v. Clackamas County,* 44 Or App 399, 605 P2d 1365 (1980), including after the entry of a default.

An order of default serves as an admission by the defending party of all material facts alleged against it. *State ex rel Nilsen v. Cushing,* 253 Or 262, 265, 453 P2d 945 (1969).[4] Plaintiffs appear to acknowledge that the order had that effect. They contend, however, that only the factual allegations stand admitted, and they urge us to adopt what they represent to be the prevailing interpretation of the federal analog of ORCP 69. Plaintiffs quote 10 Wright, Miller and Kane, *Federal Practice and Procedure,* 447-48 (Civil 2d 1983):

"'* * * Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief. However, even after default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. * * *'[5] (Footnotes omitted.)

Plaintiffs neglect to quote the language which immediately follows that passage and which completes the paragraph in which it appears:

"If defendant wishes an opportunity to challenge plaintiff's right to recover, his only recourse is to show good cause for setting aside the default under Rule 55(c) and, failing that, to contest the amount of recovery." (Footnote omitted.)

FRCP 55(c) provides, as material, that "[f]or good cause shown the court may set aside an entry of default"

---

[4] *Cushing* was decided under *former* ORS 18.080, the statutory predecessor of ORCP 69.

[5] Plaintiffs maintain that their motion to dismiss raised purely legal questions and does not turn on the factual allegations of the counterclaim. In view of the basis for our decision, we do not comment.

rather than enter judgment on it. ORCP 69 does not contain corresponding language. However, the absence of the language is inconsequential. Wright, Miller and Kane, *supra,* state, at 464:

> "* * * A number of federal courts have made it clear that with respect to the setting aside of an entry of default, [FRCP 55(c)] expresses the traditional inherent equity power of the federal courts. * * *" (Footnote omitted.)

It is equally self-evident that, with or without a rule that so states, Oregon courts may, for good cause, set aside a default order. ORCP 71 governs the setting aside of *judgments.* It is implicit in the scheme of things that a court may set aside a default order before judgment, *at least* in circumstances where ORCP 71 would permit a judgment entered on the default order to be set aside.

In sum, even if we were to accept plaintiffs' premise that it is a basis for relief from default that the admitted facts fail to constitute a legal claim,[6] plaintiffs would not be assisted. They did not seek relief from default. They simply disregarded the default order and moved against the pleading. Plaintiffs' answer to the counterclaim raised the affirmative defense that defendant's "[c]omplaint and each claim thereof fails to state a claim upon which relief may be granted." That answer was among the pleadings which were stricken as part of the process which culminated in the default order. We decline to permit plaintiffs to defeat the default order and the order striking their pleadings, neither of which they challenge, by raising under a different name the defense that they had advanced earlier in their stricken answer.

As a more general proposition, the fundamental purpose of default orders would be undermined if a motion to

---

[6] Given the reasons for our disposition, we reluctantly resist the temptation to reject that premise at this time.

We note that this case differs from *Pacific Protective Wear v. Banks,* 80 Or App 101, 720 P2d 1320 (1986), where we treated the defendant's purported post-judgment motion to dismiss for lack of personal jurisdiction as a motion to vacate the judgment on the same ground. A judgment taken against a defendant over whom the court lacks jurisdiction is void and is subject to vacation under ORCP 71B(1)(d). A default judgment entered pursuant to a complaint that does not state a claim is not void. *See Walling v. Lebb,* 140 Or 691, 15 P2d 370 (1932). Accordingly, a post-judgment (or, given our holding, a post-default) motion to dismiss on the latter ground is a tardy attack on a valid judgment or order and we have no discretion to reach its merits by calling it a different name.

dismiss could be entertained at the hearing concerning the entry of judgment on the default. ORCP 69B(2) enumerates the limited matters that can be considered at the hearing. Motions against the pleadings do not appear to be among those matters. *See also State ex rel Nilsen v. Cushing, supra; Jones v. Siladic,* 52 Or App 807, 629 P2d 875, *rev den* 291 Or 662 (1981). The rule allowing the failure to state a claim to be raised at any point in the proceedings presupposes that there *are* ongoing proceedings. Axiomatically, a motion to dismiss for failure to state a claim cannot be raised after a judgment has become final. *See Pacific Protective Wear v. Banks,* 80 Or App 101, 720 P2d 1320 (1986). One of the essential purposes of an order of default is to cut off defenses to liability. *See Deane v. Willamette Bridge Co.,* 22 Or 167, 171, 29 P 440, 15 LRA 614 (1892). A motion to dismiss is as untimely after entry of an unchallenged order of default as it is after a final judgment.

The trial court erred by considering the motion to dismiss and by granting it as to the section 1985 claim.

■ Defendant also appeals from a post-trial order of the court staying enforcement of the judgment. After Rajneesh failed to perfect an appeal from the judgment against him on defendant's counterclaim, *see* note 1, *supra,* defendant moved to collect the amount of the judgment from securities which Rajneesh had deposited into court. Plaintiffs moved to stay enforcement pending the resolution of the appeal by the other parties against whom the counterclaim judgment runs. The theory by which they supported their motion, in general outline, was that the resolution of the other plaintiffs' appeal could eliminate Rajneesh's liability, despite his failure to appeal. The trial court granted the motion. Its order states no reason for the ruling.

The parties devote their arguments to whether a reversal of the judgment against the appealing plaintiffs could have affected Rajneesh's liability. We expressly decline to address that issue. ORCP 72A makes a stay of enforcement a matter for the trial judge's discretion. Defendant demonstrates no abuse of discretion.

Affirmed on the appeal from the judgment on the merits; on the cross-appeal, reversed and remanded for further

proceedings on the fourth counterclaim[7]; affirmed on the appeal from the order staying enforcement.

---

[7] Lest anything in this opinion leaves anything to the imagination, if a motion for relief from the heretofore unchallenged default order is proffered on remand, it would not be timely.