Argued and submitted December 3, 1986, Court of Appeals reversed and decision of
trial court affirmed March 31, petition for reconsideration granted by opinion
May 27, 1987
See 303 Or 371, 737 P2d 593 (1987)

RAJNEESH FOUNDATION INTERNATIONAL et al,
*Petitioners on Review,*
SHEELA,
*Appellant - Cross-Respondent,*

*v.*

McGREER,
*Respondent on Review.*

McGREER,
*Respondent on Review,*

*v.*

RAJNEESH FOUNDATION INTERNATIONAL et al,
*Petitioners on Review,*
SHEELA et al,
*Respondents.*

(TC A8210-00678; CA A31894; SC S33111)

734 P2d 871

Robert J. McCrea, Eugene, argued the cause and filed the brief for petitioner on review.

Mark K. Cushing, Portland, argued the cause for respondent on review. With him on the brief were Barbee B. Lyon and Tonkin, Torp, Galen, Marmaduke & Booth, Portland.

PETERSON, C. J.

Before Peterson, Chief Justice, and Lent, Linde, Campbell, Carson and Jones, Justices.

## PETERSON, C. J.

This case concerns a trial court's decision to consider the legal sufficiency of pleadings against a party in default after an order of default was entered. The Court of Appeals concluded that, even if the trial court has the authority to consider whether the pleadings state a claim for relief, that issue was not properly raised by a motion to dismiss for failure to state a claim. *Rajneesh Foundation v. McGreer,* 80 Or App 168, 721 P2d 867 (1986). We reverse.

The facts are as follows. Rajneesh Foundation International, Rajneesh Neo-Sannyas International Commune and Ma Anand Sheela (plaintiffs) filed an action for defamation against Rosemary McGreer (defendant). Defendant counterclaimed, joining Bhagwan Shree Rajneesh (Bhagwan) as an additional counterclaim-defendant.[1] Defendant alleged that plaintiffs defamed her on three occasions and that they conspired to deprive her of her first amendment rights, giving rise to an action under 42 USC § 1985(3). Plaintiffs' answer to the counterclaim included a motion to dismiss the section 1985 counterclaim for failure to state a claim.

Bhagwan later refused to appear for deposition. As a sanction, the presiding judge ordered plaintiffs' pleadings stricken and entered an order of default in defendant's favor on her counterclaims. ORCP 69A.

Plaintiffs thereafter filed a motion to dismiss the counterclaims on the ground that they failed to state claims for relief. The trial court denied the motion as to the defamation claims but granted it as to the section 1985 claim. Both parties appealed. Defendant argued, *inter alia,* that the trial court did not have the authority to consider the motion to dismiss after a default order had been entered.[2] The Court of

---

[1] The term "plaintiffs" in this opinion will include counterclaim-defendant Bhagwan.

[2] The other assignments of error raised before the Court of Appeals are not at issue here. We note, however, a jurisdictional question concerning a defaulting party's right to appeal. ORS 19.020 provides:

"Any party to a judgment or decree, other than a judgment or decree given by confession or for want of an answer, may appeal therefrom. * * *"

The Court of Appeals held that the default judgment in this case was not one given "for want of an answer" within the meaning of ORS 19.020. *Rajneesh Foundation v. McGreer,* 80 Or App 168, 171 n 3, 721 P2d 867 (1986). We agree. The order of default

Appeals reversed, holding that the trial judge erred in considering and granting the motion to dismiss the section 1985 counterclaim.

*1. The trial court's authority to consider the sufficiency of the pleadings after a default order has been entered.*

Defendant argues that the effect of the default order was to admit not only the truth of the facts alleged in the counterclaims, but also that the alleged actions were illegal and caused injury. She argues that the only issue properly before the trial court judge was the measure of damages, and that the trial court erred in considering plaintiffs' motion to dismiss after the order of default had been entered.

We disagree. According to the great weight of authority, a default establishes only the truth of the factual allegations contained in the complaint and does not admit that the facts alleged constitute a valid claim for relief. Under this view, the trial court has no authority to award damages against a defaulting defendant if the complaint fails to state a cause of action. *See Southern Arizona School of Boys, Inc. v. Chery,* 119 Ariz 277, 680 P2d 738 (1978) (default judgment cannot be based on a complaint that fails to state a claim for relief; defaulting party is entitled to contest the sufficiency of the complaint on appeal); *Kohlenberger, Inc. v. Tyson's Foods, Inc.,* 256 Ark 584, 510 SW2d 555 (1974) (default admits only those facts alleged in the complaint, and if they are insufficient to support a judgment, the judgment will be reversed); *Morehouse v. Wanzo,* 266 Cal App 2d 846, 72 Cal Rptr 607

---

was imposed as a sanction for a discovery violation. ORCP 46B.(3)(c) provides:

"B.(2) If a party or an officer, director, or managing agent or a person designated under Rule 39C.(6) or 40A. to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under section A. of this rule or Rule 44, the court in which the action is pending may make such orders in regard to the failure as are just, including among others, the following:

"* * * * *

"B.(2)(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or any part thereof, *or rendering a judgment by default against the disobedient party.*" (Emphasis added.)

*Compare* ORCP 69A. (authorizing entry of default judgment against a party who has "failed to plead or otherwise defend as provided in these rules" of civil procedure). A default judgment under ORCP 69A. would be one entered for want of an answer.

(1968) (it is erroneous to grant a default judgment if the complaint fails to state a cause of action); *Bay Prod. Corp. v. Winters,* 341 So 2d 240 (Fla App 1976) (trial court erred in entering default judgment when the complaint failed to state claims for specific performance, fraud and deceit); *Olson v. Kirkham,* 720 P2d 217, 220 (Idaho App 1986) ("On appeal, a defaulted defendant may not challenge the sufficiency of the evidence in a default judgment, he may only contest the sufficiency of the complaint and its allegations to support the judgment."); *Productora E Importadora de Papel v. Fleming,* 376 Mass 826, 383 NE2d 1129 (1978) (in order to support default judgment, complaint must state a claim for relief); *Lindsey v. Drs. Keenan, Andrews & Allred,* 118 Mont 312, 165 P2d 804 (1946) (judgment for damages upon a default is not justified where the complaint fails to state a cause of action); *American Credit Co. v. Stuyvesant Ins. Co.,* 7 NC App 663, 173 SE2d 523 (1970) (complaint which failed to state a cause of action against insurance agent could not support default judgment against him, despite absence of excusable neglect); *Pennsylvania Dep't of Environmental Resources v. Allias,* 20 Pa Commw 222, 341 A2d 226 (1975) (default judgment does not admit the sufficiency of the pleading to sustain the judgment, nor does it admit that the facts alleged constitute a cause of action).

■　Under Oregon law, a default judgment establishes all material facts alleged in the complaint. *State ex rel Nilsen v. Cushing,* 253 Or 262, 265, 453 P2d 945 (1969). Other Oregon caselaw suggests that a default judgment does not admit legal conclusions and that a pleading must state facts showing an entitlement to relief before a default judgment can be granted. *See Bailey v. Malheur Irrigation Co.,* 36 Or 54, 60, 57 P 910 (1899); *Carlson v. Bankers Discount Corp.,* 107 Or 686, 215 P2d 986 (1923).

Defendant cites two Oregon cases for the proposition that a trial court may not entertain a motion to dismiss for failure to state a claim for relief after an order of default has been entered. *Walling v. Lebb,* 140 Or 691, 15 P2d 370 (1932), is distinguishable because it involved a collateral attack rather than a direct appeal. *See* n 3, *infra. Askren v. Squire,* 29 Or 228, 232, 45 P 779 (1896), suggests that even if the cause of action is imperfectly stated, a default judgment still is enforceable. That case involved a suit to foreclose at least eight

miners' liens. The judgment was upheld even though some of the jurats on the miners' lien claim verification forms were not signed. These were technical defects and did not bar recovery. The case does not strike us as being inconsistent with a rule requiring the complaint to state a claim to support a default judgment. The case appears to hold that, after default, the pleadings should not be read narrowly, and the pleader should have the benefit of every inference in deciding whether the complaint states a claim for relief.

The rule suggested by defendant would allow her to recover damages even if it is apparent on the face of her pleading that she has suffered no legally cognizable injury. A default judgment, no less than any other judgment, must have a basis in the pleadings. The trial court acted within its authority in considering the legal sufficiency of defendant's counterclaims.

We emphasize that, following an order of default, the pleadings are not to be read technically. If the pleadings against the defaulting party imply or reasonably require an inference of facts constituting a claim for relief, they are sufficient to support a default judgment. However, if the complaint patently fails to state a valid claim for relief, a trial court may properly entertain an objection on that ground even after an order of default has been entered.[3]

### 2. Method of raising the sufficiency of the pleadings.

The Court of Appeals held that plaintiffs' motion to dismiss was untimely and that the appropriate method of raising this issue would be a motion for relief from default under ORCP 71:

> "* * * [E]ven if we were to accept plaintiffs' premise that it is a basis for relief from default that the admitted facts fail to constitute a legal claim, plaintiffs would not be assisted. They did not seek relief from default. They simply disregarded the default order and moved against the pleading. Plaintiffs'

---

[3] Our holding today, however, does not mean that a default judgment is subject to collateral attack on the ground that the pleadings were insufficient to support it. Once the judgment has been entered and the time for appeal has expired, the defaulting party has no recourse unless the trial court lacked jurisdiction to enter the judgment. *Travelers Ins. Co. v. Staiger,* 157 Or 143, 69 P2d 1069 (1937); *Altman v. School Dist. No 6,* 35 Or 85, 56 P 291 (1899). *See also Walling v. Lebb,* 140 Or 691, 15 P2d 370 (1932).

answer to the counterclaim raised the affirmative defense that defendant's '[c]omplaint and each claim thereof fails to state a claim upon which relief may be granted.' That answer was among the pleadings which were stricken as part of the process which culminated in the default order. We decline to permit plaintiffs to defeat the default order and the order striking their pleadings, neither of which they challenge, by raising under a different name the defense that they had advanced earlier in their stricken answer." 80 Or App at 173.

We might agree with the Court of Appeals that, had judgment been entered on the default, a motion under ORCP 71 would properly have raised the issue. But ORCP 71 is not applicable, for no judgment had been given when the plaintiffs' motion to dismiss was made.[4]

In any event, plaintiffs did not seek relief from default but instead filed a motion to dismiss under ORCP 21A.(8), which provides:

"Every defense, in law or fact, to a claim for relief in any pleading, whether a complaint, counterclaim, cross-claim or third party claim, shall be asserted in the responsive pleading thereto, except that the following defenses may at the option of the pleader be made by motion to dismiss:

"* * * * *

"(8)  failure to state ultimate facts sufficient to constitute a claim * * *."

ORCP 21G.(3) provides:

"A defense of failure to state ultimate facts constituting a claim * * * may be made in any pleading permitted or ordered

---

[4] Unlike its predecessor, *former* ORS 18.160, ORCP 71B. does not provide for relief from an order. ORCP 71B.(1) provides:

"On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 64F.; (c) fraud, misrepresentation, or other misconduct of an adverse party; (d) the judgment is void; or (e) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application. A motion for reasons (a), (b), and (c) shall be accompanied by a pleading or motion under Rule 21A. which contains an assertion of a claim or defense. The motion shall be made within a reasonable time, and for reasons (a), (b), and (c) not more than one year after receipt of notice by the moving party of the judgment. * * *."

under Rule 13B. or by motion for judgment on the pleadings, or at the trial on the merits. The objection or defense, if made at trial, shall be disposed of as provided in Rule 23B. in light of any evidence that may have been received."

We disagree with the Court of Appeals' holding that the motion was untimely.

That a default judgment must be supported by a pleading that states a claim suggests that even a defaulting party should be given the opportunity to assert that the complaint fails to state a claim for relief. We note that ORCP 69B.(2) requires that notice of the application for judgment be given to a party in default who has appeared in the action, at least ten days before the hearing.[5] This suggests that the defaulting party has a right to attend the hearing. We need not here decide what is the permissible extent of participation by a defaulting party at the hearing or whether the defaulting party has a right to file a motion to dismiss.[6] Because we conclude that a default judgment must be supported by the pleadings, we hold that the trial court did not err in permitting plaintiffs to file the motion to dismiss. We turn to the merits of the motion itself.

    *3. Sufficiency of the counterclaim to state a claim under section 1985(3).*

Defendant's counterclaim alleged, in part:

"At all times herein mentioned [Bhagwan], his followers

---

[5] ORCP 69B.(2) provides:

"In all other cases, the party seeking a judgment by default shall apply to the court therefor * * *. If the party against whom judgment by default is sought has appeared in the action or if the party seeking judgment has received notice that the party against whom judgment is sought is represented by an attorney in the pending proceeding, the party against whom judgment is sought (or, if appearing by representative, such party's representative) shall be served with written notice of the application for judgment at least 10 days, unless shortened by the court, prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearing, or make an order of reference, or order that issues be tried by a jury, as it deems necessary and proper. The court may determine the truth of any matter upon affidavits."

[6] We note that in *Jones v. Siladic*, 52 Or App 807, 629 P2d 875, *rev den,* 291 Or 662 (1981), the Court of Appeals held that, under the predecessor to ORCP 69B.(2), a defaulting party had a right to a jury trial on the issue of unliquidated damages and, consequently, the right to cross-examine witnesses.

who have moved to the Antelope, Oregon area, and the plaintiffs, have been engaged in the urban development of farm and ranch lands in that area, including the incorporation and development of a city together with related facilities, such as electric transmission lines, public sewer systems and the like.

"* * * * *

"At some time or times between about November 1981 and July 23, 1982, the exact date or dates of which are presently unknown to defendant, plaintiffs * * * agreed among themselves to:

"1.  keep defendant and those of like views from exercising their fundamental rights of free speech and fair comment on public issues that affect the citizens of Antelope, and its environs, and the citizens of the state of Oregon;

"2.  coerce defendant, her neighbors and other opponents of their urbanization activities from expressing land use positions and other opinions that are disagreeable to plaintiffs and counterclaim-defendant; and

"3.  minimize the effectiveness of any opposition from defendant and others of like views, that they were unable to deter.

"* * * * *

"The plaintiffs' and [Bhagwan's] foregoing concerted actions and conspiracy have had as their objective and inevitable result the infringement of defendant's rights of free speech that are guaranteed by the First and Fourteenth Amendments to the United States Constitution, and by 42 U.S.C. § 1985(3), all to defendant's general damage in the sum of $2,500,000."

The trial court concluded that defendant failed to state a claim under section 1985(3) because her counterclaim did not adequately allege state involvement and because defendant was not a member of any class that section 1985(3) was designed to protect.[7]

---

[7] 42 USC § 1985(3) provides:

"If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protec-

In *United Brotherhood of Carpenters & Joiners v. Scott,* 463 US 825, 830, 103 S Ct 3352, 77 L Ed 2d 1049 (1983), the Supreme Court of the United States held that a conspiracy to violate First Amendment rights is not actionable under section 1985(3) unless the state was involved in the conspiracy or the aim of the conspiracy was to influence state action. Here, defendant alleged that plaintiffs were engaged in the development and incorporation of a city, and that they conspired to infringe defendant's First Amendment rights in order to counteract her opposition to their land use policies. A city is considered a state entity for the purpose of state action. *See e.g., Palmer v. Thompson,* 403 US 217, 91 S Ct 1940, 29 L Ed 2d 438 (1971). We will assume that these allegations suffice to allege state involvement for the purpose of section 1985(3).

A claim under section 1985(3) also requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action." *Griffin v. Breckenridge,* 403 US 88, 102, 91 S Ct 1790, 29 L Ed 2d 338 (1971). In *United Brotherhood v. Scott, supra,* the court held that section 1985(3) did not apply to conspiracies motivated by economic or commercial animus. 463 US at 838. The court declined to decide whether section 1985(3) protects classes discriminated against on the basis of their political views or activities. It did, however, express some disapproval of that notion:

"[I]t is a close question whether § 1985(3) was intended to reach any class-based animus other than animus against Negroes and those who championed their cause, most notably Republicans. * * * Although we have examined with some care the legislative history that has been marshaled in support of the position that Congress meant to forbid wholly nonracial, but politically motivated conspiracies, we find difficult the

tion of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

question whether § 1985(3) provided a remedy for every concerted effort by one political group to nullify the influence of or do other injury to a competing group by use of otherwise unlawful means. To accede to that view would go far toward making the federal courts, by virtue of § 1985(3), the monitors of campaign tactics in both state and federal elections, a role that the courts should not be quick to assume. If respondents' submission were accepted, the proscription of § 1985(3) would arguably reach the claim that a political party has interfered with the freedom of speech of another political party by encouraging the heckling of its rival's speakers and the disruption of the rival's meetings." 463 US at 836.

The Court of Appeals for the Ninth Circuit has concluded that section 1985(3) provides a remedy only to "groups that require and warrant special federal assistance in protecting their civil rights." *Canlis v. San Joaquin Sheriff's Posse Comitatus,* 641 F2d 711, 720 (9th Cir), *cert. denied* 454 US 967, 102 S Ct 510, 70 L Ed 2d 383 (1981).

Defendant alleges that she belongs to a political class that opposes the plaintiffs' land use policies. We conclude that this is not the type of class entitled to protection under section 1985(3). The trial court correctly dismissed defendant's section 1985(3) counterclaim.

The decision of the Court of Appeals is reversed. The decision of the trial court is affirmed.