ERVIN, Judge.
Wiseman appeals from a judgment entered in favor of defendant Stocks following a hearing on Wiseman’s motion for default judgment on his claim for breach of contract damages, contending that the entry of such judgment was error because, in reaching its conclusion that Wiseman had failed to satisfy all conditions precedent to the contract, the court had no right to rely upon evidence taken at the hearing on the ground that Stocks’ default had the effect of admitting the truth of the allegations in Wiseman’s complaint, representing that he had complied with all conditions precedent to the contract. We agree and reverse and remand with directions that judgment be entered in favor of Wiseman.
Stocks and Wiseman agreed upon a contract whereby Wiseman would assign to Stocks all of his interest in a certain stock option contract entitling him to purchase a number of shares of common stock in a closely-held corporation owned by Stocks, in exchange for fee simple title from Stocks to a one-half acre lot located on St. George Island. The contract further provided that if Stocks were unable to deliver clear title to the lot within one year from the date of the contract, Stocks would pay Wiseman, within thirty days thereafter, the sum of $80,000. After the requisite time limitations had expired, a complaint was filed, with a copy of the contract attached, wherein it was alleged that Stocks had failed to accomplish delivery of clear title to the lot in question; that Wiseman had satisfied all conditions precedent to the contract; therefore Stocks owed Wiseman the sum of $80,000, together with prejudgment interest.
Following the entry of the default by the clerk, Wiseman moved for default judgment. At the hearing on the motion, the court raised the question concerning whether Wiseman had complied with an essential condition precedent to his right to damages: the execution by him of a written assignment of his stock to the defendant pursuant to the clause of the contract requiring Wiseman to assign to Stocks all of his interest in the option contract. In its final judgment finding in favor of Stocks, the court held that “the requisite to final judgment consequent to a default is proof of the relief sought.” (e.s.) It continued that
examination of the contract sued upon reveals that the contract is executory in nature. While the Plaintiff has alleged in his Complaint that he has satisfied all conditions precedent to the contract, the evidence presented at the hearing reveals that Plaintiff never executed an assignment of his interest in the Option Contract to Defendant. Such an assignment was the only act required by Plaintiff under the terms of the subject contract.
(e.s.)
The lower court’s reliance upon evidence disclosing that Wiseman had failed to satisfy as an essential condition precedent the assignment of his interest in the option contract to Stocks was, under the circumstances at bar, erroneous. As previously observed, Wiseman’s complaint generally alleged that he had satisfied all conditions precedent to the contract. By his default, Stocks admitted the truth of this allegation; accordingly the lower court had no legal right to consider evidence relating to the issue of whether Wiseman had performed a condition essential to his right to recover damages.
The type of evidence submitted at a hearing on a motion for judgment of default is governed by the provisions of Florida Rule of Civil Procedure 1.500(e), permitting the trial court to take evidence if necessary “to determine the amount of damages or to establish the truth of any averment ... or to make an investigation of any other matter to enable the court to enter judgment. ...” The effect of the rule is to allow the court to accept such allegations and their fair inferences as true, if their effect is to state a cause of action. See 33 Fla.Jur.2d Judgments and Decrees § 285 (1982).
Clearly the complaint at bar, together with the contract attached to it, stated a cause of action. The trial court did not in *906 fact rule that it did not. The court’s decision to require proof of the relief sought may have been based upon the following comment in Trawick, Florida Practice and Procedure § 25-4 (1986 ed.), stating: “The only prerequisite to final judgment after default is proof of the relief sought, if required.” A case supporting the above proposition is West v. Fleming, 36 Fla. 298, 18 So. 587 (1895), holding that a final judgment entered after default in a case involving a suit on a bond could not be entered without evidence of the bond or production of the bond. In so holding, West cites the general rule that even when seeking a default judgment, the moving party must produce at the final hearing the original cause of action or account for its absence. In our judgment West is not controlling in that here the contract sued upon was attached to the complaint, and the allegations relating to Wiseman’s performance of all conditions precedent to his right to recover damages were sufficiently pleaded. See Florida Rule of Civil Procedure 1.120(c), providing that performance of a condition precedent need only be generally alleged. See also McSwain v. Dussia, 499 So.2d 868, 870 (Fla. 1st DCA 1986), rev. den., 511 So.2d 298 (Fla.1987).
No further proof in support of the plaintiffs allegation of the performance of the condition precedent was necessary after default was entered, as is evident from the following comments in 10 C. Wright, A. Miller and M. Kane, Federal Practice and Procedure Civil 2d § 2688 at 445, 447-48 (1983), regarding Federal Rule of Civil Procedure 55, after which Florida Rule of Civil Procedure 1.500 is patterned:
[T]he court, in its discretion, may require some proof of the facts that must be established in order to determine liability-
[[Image here]]
... [However,] once the default is established, defendant has no further standing to contest the factual allegations of the plaintiffs claim for relief. However, even after default it remains for the court to consider whether the unchallenged facts constitute a legitimate came of action, since a party in default does not admit mere conclusions of law.
(e.s.) The above statement is well exemplified by Nishimatsu Construction Co. v. Houston National Bank, 515 F.2d 1200 (5th Cir.1975), wherein the court, in reversing a default judgment entered against an agent, observed that the law of agency would not allow an agent to be held liable on a contract that was signed by the agent solely in its capacity on behalf of the principal. In so holding, the court reiterated the well-recognized rule that although a defendant may not challenge the sufficiency of the evidence, he or she is nonetheless entitled to contest the sufficiency of the complaint. Florida similarly follows the majority rule allowing reversal of a default judgment in cases where the complaint fails to state a cause of action. See Bay Products Corporation v. Winters, 341 So.2d 240 (Fla. 3d DCA 1976). See also Rajneesh Foundation International v. McGreer, 303 Or. 139, 734 P.2d 871, 873 (1987), and cases cited therein.
In that Stocks’ default had the effect of admitting the truth of the well-pleaded allegations of the complaint for breach of damages, the lower court erred in entering final judgment in favor of Stocks.
REVERSED and REMANDED with directions that final judgment be entered for appellant.
BOOTH and WENTWORTH, JJ., concur.