DECISION OF DEFAULT
This matter is before the court on Plaintiff's Motion of Default (Motion), filed January 8, 2008. Plaintiff's Motion states that Defendant failed to file its Answer or written response within the required 30 day time period.
 I. STATEMENT OF FACTS
Plaintiff's Complaint was served on Defendant November 26, 2007. The Notice of Filing, served on the same day, stated that "defendant in this case is required to respond to the complaint within 30 days of the date of this notice." Defendant did not file its response within the 30 days. On January 8, 2008, Plaintiff filed a letter asking the court to grant his "request for a `Motion for Default.'"
Plaintiff appeals Defendant's Notices of Determination and Assessment, dated August 27, 2007, for tax years 2000, 2001, and 2002. In his Complaint, Plaintiff stated that he "worked, lived and earned all [his] income in California during these years (2000, 2001, 2002)." Plaintiff states that he is not liable for Lane County Mass Transit District Self-Employment Tax for any of the tax years because "the income was all earned out of Lane County." (Ptf's Compl at Attach 1.) *Page 2 
 II. ANALYSIS
Plaintiff requests that Defendant's assessments, interest and penalty be canceled. The court can accept Plaintiff's factual allegations as set forth in his Complaint as true. See Rajneesh Foundation v. McGreer,303 Or 139, 142, 734 P2d 871 (1987) (stating that "a default establishes only the truth of the factual allegations contained in the complaint * * *."). In his Complaint, Plaintiff named his employer, provided contact information for his employer, and described his work, stating he was "an Environmental Inspector working on large-scale, linear construction projects: two fiber optics lines and a natural gas pipeline." He explained in his Complaint that he worked in California, but spent his "time off" in Oregon. (Ptf's Compl at Attach 1.)
Default does not admit that the facts alleged constituted a valid claim for relief. Rajneesh, 303 Or at 142. The court must determine if a bar exists in granting Plaintiff's request that Defendant's assessments be canceled. In making its determination, the court looks to applicable law. ORS 267.385(1)[1] provides that:
 "[f]or the same purposes [to carry out the powers granted by ORS 267.010 to 267.390], a district may by ordinance impose a tax on each individual equal to not more than six-tenths of one percent of the individual's net earnings from self-employment."
"Net earnings from self-employment" is defined in ORS 267.380(1)(d) and the exclusions are found in ORS 267.380(3) which provides that "`Net earnings from self-employment' does not include income:
 "(a)(A) From activities wholly outside of the district."
Plaintiff states that all his activities that generate self-employment income were performed "wholly outside of the district." (Id.) *Page 3 
Plaintiff's information supports his request that Defendant's assessments were in error and should be canceled. The court must rely on the information provided by Plaintiff because Defendant has not responded. The relief requested is within the authority of the court to grant.
 III. CONCLUSION
After reviewing Plaintiff's Complaint and applicable law, the court finds that the facts alleged support Plaintiff's relief requested. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is granted and that Defendant's Notices of Determination and Assessment, dated August 27, 2007, for tax years 2000, 2001, and 2002, shall be canceled.
Dated this ___ day of January 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner onJanuary 23, 2008. The Court filed and entered this document on January23, 2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 1999. There was no change to the statutes that would be applicable for tax year 2002. *Page 1