DECISION OF DEFAULT
This matter is before the court on Plaintiff's Motion of Default (Motion), filed May 6, 2008. Plaintiff's Motion states that Defendant failed to file its Answer or written response within the required 30 day time period.
 I. STATEMENT OF FACTS
Plaintiff's Complaint was served on Defendant March 27, 2008. The Notice of Filing, served on the same day, stated that "defendant in this case is required to respond to the complaint within 30 days of the date of this notice." Defendant did not file its response within the 30 days. On May 6, 2008, Plaintiff filed a letter asking the court to grant his "motion to declare default. "This was followed by Defendant's Answer which was filed on May 7, 2008.
Plaintiff's chief concern is the large increase in real market value (RMV) of his residence from $253,190 (2006-07) to the current $327,880 (2007-08).
Plaintiff appeals from an Order of the Linn County Board of Property Tax Appeals (BOPTA). The RMV of Plaintiff's residence was sustained at $327,880; the maximum assessed value (MAV) was sustained at $235,348. During a case management conference held June 23, 2008, Plaintiff amended his Complaint as to relief requested to "maintain 2006-07 level in down market." Those prior year values were $253,190 RMV and $228,494 MAV. *Page 2 
Plaintiff's Complaint also contained information as to certain repairs needed and listing information of cited comparable property.
 II. ANALYSIS
Plaintiff asks for a Decision of Default pursuant to TC-MD Rule 6D. He requests that both the 2007-08 RMV and MAV be returned to the prior year's levels.
As to the RMV component, the court can accept Plaintiff's factual allegations as set forth in his Complaint as true. See RajneeshFoundation v. McGreer, 303 Or 139, 142, 734 P2d 871 (1987) (stating that "a default establishes only the truth of the factual allegations contained in the complaint * * *."). Default does not admit that the facts alleged constituted a valid claim for relief. Rajneesh,303 Or at 142. The court must determine if a bar exists in granting Plaintiff's request that Defendant's assessments be reduced. In making its determination, the court looks to applicable law.
As to the MAV component, the court is without authority to change the 2007-08 amount of $235,348. This is the correct mathematical computation of $228,494 (2006-07) multiplied by 1.03 (the annual statutory maximum). ORS 308.146(1).[1] That value cannot be compromised by this court.
Plaintiff's information supports his request that Defendant's RMV level is in error and should be reduced. The court must rely on the information provided by Plaintiff because Defendant did not timely respond. The RMV relief requested is within the authority of the court to grant. *Page 3 
 III. CONCLUSION
After reviewing Plaintiff's Complaint and applicable law, the court finds that the facts alleged support Plaintiff's relief requested as to the RMV of the subject property. Now, therefore,
IT IS THE DECISION OF THIS COURT that the 2007-08 RMV shall be reduced to $253,190.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on August 5,2008. The Court filed and entered this document on August 5, 2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1