DECISION
This matter is before the court on Plaintiffs' written motion for default (motion), filed December 15, 2009. Plaintiffs' motion states that Defendant failed to file its Answer or written response within 30 days from the date Defendant received notice of Plaintiffs' Complaint.
 I. STATEMENT OF FACTS
Plaintiffs' Complaint was filed October 21, 2009. The court sent Defendant a Notice of Filing (Notice) on October 26, 2009. The Notice stated that "defendant in this case is required to respond to the complaint within 30 days of the date of this notice." (Notice, Oct 26, 2009.) Defendant did not file its response within the 30 days.
On December 15, 2009, Plaintiffs wrote to the court stating that "[i]t has now been more than 30 days since we filed our complaint, and we have not received an answer or motion from the Clackamas County Assessor, as required by the Magistrate Court. * * * We therefore would like this letter to be our written motion for default." (Ptfs' mot at 1.)
On December 16, 2009, Defendant wrote to the court apologizing for its "failure to timely answer this complaint" and stating that it "mishandled the timely processing during the period [it was] finalizing the billing and collection of the annual tax role, researching *Page 2 
inconsistencies in the chain of title this property and investigating why Mr. Draznin and Ms. French did not receive a tax statement for this property." (Def's Answer at 1.)
Plaintiffs appeal interest assessed on late payment of property taxes and a foreclosure penalty assessed. The property on which the assessments were made was purchased by Plaintiffs on July 13, 2004. (Ptfs' mot at 7.) The Bill of Sale, which was recorded by Clackamas County Official Records on July 30, 2004, stated that "Until a change is requested, all tax statements shall be sent to the following address:
 James W. Draznin and Lorely E. French
 1406 Filbert Street
 Forest Grove, OR 97116."
(Id.) Plaintiffs' motion stated that they "never received a bill for the property tax during the five years that we owned the cabin." (Ptfs' mot at 1.) Plaintiffs' 2009-10 property tax statement stated: "DELINQUENT TAXES 2005* — 2008 3,140.80." (Id. at 6.)
In Plaintiffs' letter dated November 11, 2009, to Linda Dunn, Assessment and Taxation Supervisor, Plaintiffs wrote:
 "* * * while we have no objections to paying the property tax principal for the past five years, we strongly believe that we should not be paying the interest on the missed payments or the foreclosure penalty. When we were contacted by the Forest Service that we had not been paying taxes for five years and that our cabin would be going into foreclosure, we were stunned. We had received absolutely no bills for the taxes. We subsequently learned that you had been sending all the bills to the previous owners of the cabin. This was not our mistake. We diligently paid the annual lease fees to the Forest Service and assumed that these lease fees covered property taxes. When we talked with you on the phone on November 3, 2009, you said that the foreclosure penalty would be dropped."
(Id. at 3.)
Plaintiffs' Complaint requests that the interest assessed on the late payment of property taxes be waived. Plaintiffs state that they paid the property taxes for tax years 2005 — 2008, interest and foreclosure penalty on November 11, 2009. (Id. at 1.) *Page 3 
 II. ANALYSIS
The rules of the Magistrate Division of the Oregon Tax Court state that a "written motion for default may be filed when a defendant has failed to file an answer or a response." TCR-MD 6D. In this case, Plaintiffs filed their motion for default on December 15, 2009, one day before the court received Defendant's letter apologizing for its failure to file an answer or responsive pleading.
In a default proceeding, the court can accept Plaintiffs' factual allegations as set forth in their Complaint as true. See RajneeshFoundation v. McGreer, 303 Or 139, 142, 734 P2d 871 (1987) (stating that "a default establishes only the truth of the factual allegations contained in the complaint * * *.") Default "does not admit that the facts alleged constitute[d] a valid claim for relief." Id. at 142.
In their Complaint and supplemental information, Plaintiffs state that, even though they did not receive property tax statements for tax years 2005-06, 2006-07, 2007-08 and 2008-09, they are not challenging the validity of the assessment. See ORS311.250(2), [1] which provides that the failure of a taxpayer to receive a property tax statement "shall not invalidate any assessment * * *." The court must determine if a bar exists to grant Plaintiffs' request that Defendant's interest assessment and foreclosure penalty be canceled. In making its determination, the court looks to applicable laws.
ORS 311.555 requires property owners to "keep the tax collector of the county where such real or personal property is situate informed of the true and correct address of the person, firm or corporation." Plaintiffs argue that they fulfilled their statutory duty to keep the county informed of their "true and correct address" when they recorded a bill of sale at or around the *Page 4 
time they purchased the subject property, clearly setting forth where tax statements should be addressed. Plaintiffs still reside at the address shown on the bill of sale.
ORS 311.565 provides that if the tax collector fails to "keep true and correct addresses," the tax collector "shall [be] subject * * * to any damages sustained by any person injured by the failure of the tax collector to keep the addresses or to give the notice." Plaintiffs allege that Defendant failed to "keep [a] true and correct" address for them. There is no dispute that property tax statements for tax years 2005-06, 2006-07, 2007-08, and 2008-09 were not sent to Plaintiffs. Plaintiffs allege they were "injured" when Defendant assessed interest on their failure to pay property taxes and a foreclosure penalty when the tax collector began proceedings to hold a foreclosure sale to recover delinquent property taxes. There is no dispute that Defendant charged Plaintiffs interest on the late payment of their property taxes and assessed a foreclosure penalty.
This court has previously granted and denied requests to waive interest assessed on late payment of property taxes where a property owner's address was incorrectly recorded by the county assessor. InAbedini v. Washington County Assessor, TC-MD No 970180 (Dec 23, 1997), a property owner properly notified the county tax collector of his change in address, but a county employee incorrectly entered the property owner's new address in its system. The court held that because the property owner "waited months"* * * before taking initiative to look into the matter * ** and he had the use of the money for several months[,] * * * plaintiff's request to have the interest waived [was] denied." Id. at 4-5. In another case, a property owner was denied his request that the interest assessed on late payment of property taxes be waived because he failed to properly record a bill of sale with his correct address even though the property owner *Page 5 
stated that he informed the county tax collector of a change of address. Gordon v. Dept. of Rev., 12 OTR 288 (1992). In two other more recent decisions, the court concluded that because "the county is responsible for maintaining the correct address on the tax roll" and the county assessor failed to fulfill its statutory obligation, the property owner was entitled to damages measured by the interest charged for the late payment of taxes and penalties and fees associated with the foreclosure. Argo Investment Corp v.Marion County Assessor, TC-MD No 991105E (Nov 5, 1999) (holding that interest charges for the late payment of taxes for two tax years must be canceled); Davidson v. Lane County Assessor, TC-MD No 980078 (July 15, 1998) (holding that foreclosure penalties, fees and interest on unpaid property tax for four years should be canceled.).
In the matter before the court, Plaintiffs recorded the bill of sale which specifically requested that all tax statements shall be sent to their address. Plaintiffs still live at the same address recorded on the bill of sale. Plaintiffs state that, because they thought their annual lease payment to the Forest Service included a property tax assessment, they were not concerned when they did not receive property tax assessments.
Plaintiffs allege that they suffered damages in the form of interest assessments and a foreclosure penalty as a result of Defendant's failure to properly record their address. In the context of failure to timely pay a legal assessment, interest is commonly referred to as a charge for the use of money that otherwise should be available to the entity levying the assessment. Having failed to timely pay their property taxes, Plaintiffs had the use of money that otherwise should have been available to fund county services. However, the county assessor has a statutory obligation to maintain the correct address on the tax roll, which it failed to do in this case. The unfortunate consequence of Defendant's failure to fulfill its statutory duty is injury to *Page 6 
Plaintiffs in the form of five years of interest on property tax assessments that otherwise might not have been assessed. The foreclosure penalty is a charge that Plaintiffs would not have incurred but for Defendant's improper maintenance of property address records. With respect to the foreclosure penalty, Plaintiffs have been injured by Defendant's failure to keep accurate address records.
 III. CONCLUSION
After reviewing Plaintiffs' Complaint, accompanying documents, and applicable law, the court concludes that the facts alleged support Plaintiffs' requested relief. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is granted.
Dated this ___ day of January 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor,1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on January 13, 2010. The Court filed and entered thisdocument on January 13, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1