DECISION
This matter is before the court on Plaintiffs' motion of default (motion), filed January 28, 2008. Plaintiffs' motion states that Defendant failed to file its Answer or written response within the required 30 day time period. Defendant's Answer was later filed with the court on March 2, 2010, well beyond the 30 day time period and after Plaintiffs had filed their motion.
 I. STATEMENT OF FACTS
Plaintiffs' Complaint was served on Defendant December 10, 2009. The Notice of Filing, served on the same day, stated that "defendant in this case is required to respond to the complaint within 30 days of the date of this notice." Defendant did not file its response within the 30 days. On January 28, 2010, Plaintiffs filed a letter asking the court to grant their "motion for default."
Plaintiffs appeal certain real property assessments for the five tax years 2004-05 through 2008-09. The property is identified as Account 1725132. In their Complaint, Plaintiffs state:
 "Tax amount paid was based on property size listed as 1678 sq ft, but property is 1342 sq ft. We have been paying for 336 sq ft of additional house we don't have."
Attached to the Complaint was a letter from Defendant dated October 27, 2009, that confirms the correction of a size error effective for the 2009-10 tax year. *Page 2 
 II. ANALYSIS
Plaintiffs request that Defendant's maximum assessed value (MAV) be changed for the earlier years. The court can accept Plaintiffs' factual allegations as set forth in their Complaint as true. See RajneeshFoundation v. McGreer, 303 Or 139, 142, 734 P2d 871 (1987) (stating that "a default establishes only the truth of the factual allegations contained in the complaint * * *."). In their Complaint, Plaintiffs have confirmed that a size difference was corrected beginning with the 2009-10 tax year.
Default does not admit that the facts alleged constitute a valid claim for relief. Rajneesh, 303 Or at 142. The court must determine if a bar exists in granting Plaintiffs' request that Defendant's assessments be retroactively corrected. In making its determination, the court looks to applicable law.
In the case of Seifert v. Dept. of Rev., 14 OTR 401 (1998), the Regular Division of the Oregon Tax Court held, on similar facts, that a square footage error, where not apparent from the assessor's records, was not correctable as a clerical error under ORS 311.205. In that case, the court noted:
 "`This situation highlights the need for property owners to audit the government's property tax records. Most taxpayers are familiar with our income tax systems under which taxpayers keep the records and assess the tax, and the government audits for accuracy and correctness. In contrast, the property tax system requires the government to keep the records and assess the tax, and the taxpayer audits for accuracy and correctness. Both systems impose time limits on the right to audit. A failure to audit and challenge the assessment within the time limit will result in a loss by the party responsible for the audit.'"
Id. at 404-05 (quoting Taft Church v. Dept. of Rev., 14 OTR 119, 122
(1997) (emphasis in original). See also Strub v. Lane County Assessor, TC-MD No 080176B (Nov 21. 2008). *Page 3 
Plaintiffs' information supports the size error correction for 2009-10. But current law prevents the correction from being made for past years, in the absence of earlier timely appeals. The relief requested is not within the authority of the court to grant.
 III. CONCLUSION
After reviewing Plaintiffs' Complaint and applicable law, the court finds that the facts alleged and applicable law do not support Plaintiffs' relief requested. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.
Dated this ______ day of March 2010.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This Decision was signed by Magistrate Jeffrey S. Mattson on March 10,2010. The court filed and entered the Decision on March 10, 2010. *Page 1