DECISION OF DEFAULT
This matter is before the court on Plaintiff's Motion For Default (Motion), filed with the court August 12, 2010.
On June 28, 2010 Plaintiff timely appealed to this court from a property tax exemption denial for the 2009-10 tax year, rendered by Defendant April 14, 2010. Pursuant to Tax Court Rule-Magistrate Division (TCR-MD) 1 C (2010), the court served Defendant with a copy of Plaintiff's Complaint on July 1, 2010. On August 6, 2010, the court sent the parties a letter indicating that no answer or motion had been filed, and that a response "was due 30 days after the date of service on Defendant." Defendant failed to respond to that letter, prompting Plaintiff to file its request for default. Because Defendant failed to respond to the Complaint within 30 days, Plaintiff claims it is entitled to default. The court agrees.
In a default proceeding, the court can accept Plaintiff's factual allegations as set forth in its Complaint as true. See RajneeshFoundation v. McGreer,303 Or 139, 142, 734 P2d 871 (1987) (stating that "a default establishes only the truth of the factual allegations contained in the complaint * * *.") Default "does not admit that the facts alleged constitute[d] a valid claim for relief."Id. at 142. *Page 2 
The property at issue is identified in Defendant's records as Account 00345424, and the portion for which exemption is sought is an employee parking lot alleged by Plaintiff to be "actively used exclusively for [] year-round, no cost staff parking * * * for the Plaintiff's hospital." (Ptf's Compl at 2.) The total size of the parcel is 4.61 acres, and the amount for which Plaintiff seeks exemption is 3.2153 acres (the other portion is apparently used for non-exempt purposes).
As part of its Complaint to this court, Plaintiff provided a copy of its exemption application filed with Defendant indicating it was seeking exemption under ORS 307.130. That statute provides for property tax exemption for real or personal property owned by charitable institutions, and includes "[p]arking lots used for parking or any other use as long as that parking or other use is permitted without charge for no fewer than 355 days during the tax year." ORS 307.130(2)(b).[1] ORS 307.112 extends charitable exemptions to leased property that otherwise qualifies for exemption, including parking lots, under ORS 307.130(2)(b). It would appear from the information Plaintiff provided to the court that the property qualifies for exemption.
Turning to the court's rules regarding responses and default, TCR-MD 4 states, in relevant part, that "[t]he defendant shall respond to the complaint by answer or motion within 30 days from the date the complaint was served on the defendant."
When a defendant fails to respond to the complaint within that period of time, the court may enter a decision of default and corresponding judgment. TCR-MD 6 D states, in pertinent part: *Page 3 
 "The party filing a complaint may submit a written motion for default asking that the relief requested in its complaint be granted. * * * If the motion for default is filed with the court before an answer or a response is filed, the court will consider the motion and may hold a hearing. After due consideration, the court may enter a decision of default."
Because Defendant failed to file a response within 30 days of the date of service of the Complaint by the court, and Plaintiff moved for default prior to Defendant filing a response, Plaintiff is entitled to a decision of default. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's Motion For Default is granted; and
IT IS FURTHER DECIDED that the subject property, as described more particularly above, is exempt from taxation; and
IT IS FURTHER DECIDED that Defendant shall correct the assessment and tax rolls to reflect that change in Plaintiff's tax status from taxable to exempt. Any refund due following that correction is to be promptly paid with statutory interest.
Dated this ___ day of August 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon August 18, 2010. The Court filed and entered this documenton August 18, 2010.
[1] Unless noted otherwise, references to the Oregon Revised Statutes (ORS) are to 2007.