DECISION OF DEFAULT
This matter is before the court on Plaintiff's Motion For Default (Motion), filed with the court August 12, 2010.
On June 28, 2010 Plaintiff timely appealed to this court from a property tax exemption denial for the 2009-10 tax year, rendered by Defendant April 14, 2010. Pursuant to Tax Court Rule-Magistrate Division (TCR-MD) 1 C (2010), the court served Defendant with a copy of Plaintiff's Complaint on July 1, 2010. On August 6, 2010, the court sent the parties a letter indicating that no answer or motion had been filed, and that a response "was due 30 days after the date of service on Defendant." Defendant failed to respond to that letter, prompting Plaintiff to file its request for default. Because Defendant failed to respond to the Complaint within 30 days, Plaintiff claims it entitled to default. The court agrees.
In a default proceeding, the court can accept Plaintiff's factual allegations as set forth in its Complaint as true. See RajneeshFoundation v. McGreer,303 Or 139, 142, 734 P2d 871 (1987) (stating that "a default establishes only the truth of the factual allegations contained in the complaint * * *.") Default "does not admit that the facts alleged constitute[d] a valid claim for relief."Id. at 142.
The property at issue is identified in Defendant's records as Account 00345442. According to the Complaint, the property consists of "two separate medical office buildings * * * *Page 2 
owned by Legacy Health System ("LHS"), an Oregon nonprofit corporation and 501(c)(3) entity that has received property tax exemption from Clackamas County and other counties." (Ptf's Compl at 2.) (footnote omitted.) LHS leases certain space within those medical office buildings (MOBs) to Plaintiff Meridian Park Hospital, also an Oregon non-profit corporation with 501(c)(3) status. Plaintiff was applying for exemption for certain leased space within those buildings, which are located at 19250 (MOB1) and 19260 SW 65th Avenue (MOB2), Tualatin, Oregon. The space at issue consists of two office suites, one in each building, and identified in the Complaint as Suite 125 in MOB1 (19250 SW 65th Ave.), and Suite 165 in MOB2 (19260 SW 65th Ave.). The specific amount of space at issue in Suite 125 is 3,607 of the 54,550 square feet of net rentable area in that building (MOB1), and 6,136 square feet in Suite 165 of MOB2 of the total net rentable area of 59,561 square feet in that building. (Id.)
As part of its Complaint to this court, Plaintiff provided a copy of its exemption application filed with Defendant indicating it was seeking exemption under ORS 307.130.[1] Plaintiff also submitted copies of the lease agreements with its exemption application.
ORS 307.130 provides for property tax exemption for real or personal property owned by charitable institutions. ORS 307.166 extends charitable exemptions to property owned by exempt organizations and leased to other exempt organizations that otherwise qualify for exemption under ORS 307.130. It would appear from the information Plaintiff provided to the court that the property qualifies for exemption.
Turning to the court's rules regarding responses and default, TCR-MD 4 states, in relevant part, that "[t]he defendant shall respond to the complaint by answer or motion within 30 days from the date the complaint was served on the defendant." *Page 3 
When a defendant fails to respond to the complaint within that period of time, the court may enter a decision of default and corresponding judgment. TCR-MD 6 D states, in pertinent part:
 "The party filing a complaint may submit a written motion for default asking that the relief requested in its complaint be granted. * * * If the motion for default is filed with the court before an answer or a response is filed, the court will consider the motion and may hold a hearing. After due consideration, the court may enter a decision of default."
Because Defendant failed to file a response within 30 days of the date of service of the Complaint by the court, and Plaintiff moved for default prior to Defendant filing a response, Plaintiff is entitled to a decision of default. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's Motion For Default is granted;
IT IS FURTHER DECIDED that the subject property, as described more particularly above, is exempt from taxation; and
IT IS FURTHER DECIDED that Defendant shall correct the assessment and tax rolls to reflect this change in Plaintiff's tax status from taxable to exempt. Any refund due following this correction is to be promptly paid with statutory interest.
Dated this ___ day of August 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon August 18, 2010. The Court filed and entered this documenton August 18, 2010.
[1] Unless noted otherwise, references to the Oregon Revised Statutes (ORS) are to 2007.