# IN THE OREGON TAX COURT

FOURNIER et al

*v.*

## DEPARTMENT OF REVENUE

(TC 2064)

James D. Fournier appeared pro se and represented plaintiffs.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered July 20, 1984.

**EDWARD H. HOWELL, Judge Pro Tempore.**

Trial of the above-entitled case was held at 1:30 p.m. July 16, 1984, in the Oregon Tax Court, Salem, Oregon. The plaintiffs were represented by Mr. Fournier and the defendant appeared by and through Mr. Ted Barbera, Assistant Attorney General, Tax Section, General Counsel Division, Department of Justice. The issue to be determined concerns denial of farm use assessment for the tax year 1980-1981.

Mr. Fournier explained that the subject property, a 16-acre parcel four miles north of Mt. Angel, Oregon, was in an exclusive farm-use zone during the subject year and to the present time. The subject property was assessed at ad valorem rates, not farm-use rates, until June 1983. The error was corrected for 1983-1984 and for the two previous years.

The plaintiffs appealed to the defendant for relief concerning the 1980-1981 valuation. The defendant dismissed the plaintiffs' appeal, asserting that ORS 311.205 limits the correction to the two prior years.

ORS 311.205(2)(b) allows a correction to be made to the assessment roll, under certain conditions, for the "current assessment year and for either or both of the last two preceding years."

■ ORS 311.205(2)(b)(B) states that the " 'current assessment year' is the assessment year in which a written request is made to the department for the correction of the claimed erroneous assessment or assessments."

■ ORS 308.007(1) states: " 'Assessment year' means calendar year."

When the plaintiffs petitioned the defendant for relief in 1983, according to the statutory mandate above, corrections could be made for 1983-1984, 1982-1983 and 1981-1982 tax years. The defendant had no jurisdiction to correct the 1980-1981 tax year.

The plaintiffs contend that when construing a statute, other statutes *in pari materia* must be considered and that ORS 311.806(2) relates to a refund right six years from an assessment date. Mr. Fournier asserted that when statutes are in conflict, there are precedents for resolving the conflict in favor of the taxpayer. However, the statutes, which the plaintiff contends are in conflict, are directed to different administrative agencies.

ORS 311.806 authorized the county governing body to make a refund under certain circumstances or when ordered to do so by the Department of Revenue, the Tax Court or the Supreme Court.

■ ORS 311.205 authorizes the Department of Revenue to order a correction of the roll as a part of its supervisory

authority but limits the correction to the current assessment year and to one or both of the last two preceding years. Therefore, the defendant could not order the county governing body to make a refund for 1980-1981, the third preceding year before plaintiffs' appeal.

Having heard the arguments and studied the memoranda submitted by the parties, the court must deny the plaintiffs' claim for relief. The defendant's Opinion and Order No. VL 83-1473 is affirmed.