# IN THE OREGON TAX COURT

RUNNING et al

*v.*

## DEPARTMENT OF REVENUE

(TC 2247)

Plaintiffs appeared *pro se.*

Marilyn J. Harbur, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Opinion allowing defendant's motion and dismissing complaint rendered March 4, 1985.

### CARL N. BYERS, Judge Pro Tem.

Plaintiffs appeal from an order of the Department of Revenue denying jurisdiction to hear plaintiffs' claim for relief. The basic facts are largely undisputed. In the fall of 1977, an appraiser from the county assessor's office physically appraised plaintiffs' home. In doing so, he either measured or estimated the length of the home to be 10 feet longer than it actually was. The error was not discovered until a reappraisal took place in October 1983. Plaintiffs timely filed a petition with the Department of Revenue seeking to have the assessed value of the property corrected for all of the years in question and to obtain a refund of excess property taxes paid. The

department, in accordance with the provisions of ORS 306.115, corrected the assessed value for the then current year plus the two prior years. However, the department determined that it did not have jurisdiction or authority to correct the prior years (1977-1979 through 1981-1982).

Plaintiffs' complaint in this court asserts that a simple mistake should be simply corrected. However, plaintiffs seek a "reinterpretation or change in the tax laws" to accomplish this. The matter is now before the court on defendant's Motion to Dismiss for lack of jurisdiction.

■ This case invites re-examination of the relationship between the government and the taxpayer in the process of assessing and collecting property taxes. Like all tax systems, both parties bear some responsibility in the process. Most citizens are painfully aware that in the income tax system it is the taxpayer who has the burden of keeping records and initially assessing the tax. On the other hand, the ad valorem or property tax system requires the assessor to keep the records and to initially assess the tax. Under both tax systems, the law imposes an obligation on the other party to verify, question, test and object to the assessing party's records or work if there is any doubt or question as to their correctness. *Knapp v. Josephine County et al.,* 192 Or 327, 235 P2d 564 (1951). The tax authorities certainly do not hesitate to audit income tax returns and question the taxpayer's records and assessments. The property taxpayer should be just as alert in his audit of the assessor's work.

> "Error is human. Everyone knows that governmental officers, agents and employees are capable of error. The prudent taxpayer does not take official conclusions as to tax values on faith." *Rosboro Lbr. Co. v. Heine et al,* 8 OTR 221, 225 (1979).

The tax statutes, by design, restrict the period of time during which taxes can be questioned. In the on-going process of government there is a need for certainty. Most statutes of limitations apply equally to both taxpayer and government alike. Here ORS 306.115 restricts the Department of Revenue's power to go beyond the current year plus the two prior years in correcting assessments. *Fournier v. Dept. of Rev.,* 9 OTR 462 (1984). If the taxpayers disagree with this statute,

their pleas for change must be directed to the legislature, not this court.

It should be noted that what the taxpayers view as a mechanical process in fact falls within the world of "art." That is, the ultimate issue is the true cash value of the property. How much true cash value changes as a result of changing a measurement is not necessarily the result of a mathematical formula. Appraising property is not an exact science. *Benson v. Dept. of Rev.*, 9 OTR 129 (1982). While the taxpayers and the assessor's office may have quickly agreed as to the difference in value that the 10 feet made, other appraisers might well differ. Accordingly, the property taxpayer must always verify to his own satisfaction the estimate of true cash value as well as examining the factual information upon which the assessor bases that estimate.

■ There existing no question of fact to be resolved in a hearing and it appearing from the record that this court and the Department of Revenue are without authority to grant the relief sought by plaintiffs, defendant's motion to dismiss will be granted.