## IN THE OREGON TAX COURT

Clark C. JONES
and Charles L. Deibert

*v.*

## DEPARTMENT OF REVENUE

(TC 3088)

David R. Kluge, Portland, represented plaintiff.

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered June 11, 1992.

**CARL N. BYERS, Judge.**

Defendant declined to exercise its supervisory authority to reassess the value of plaintiffs' property. Plaintiffs appealed. Although a trial was held, most of the facts are not in dispute.

## FACTS

Plaintiffs own commercial real property in Portland. Multnomah County assessed the property for taxation for three years as follows:

| Year | Assessed Value |
|------|----------------|
| 1988-1989 | $274,000 |
| 1989-1990 | 274,000 |
| 1990-1991 | 290,000 |

Plaintiffs appealed only the 1990-91 assessment to the Multnomah County Board of Equalization. The board issued an order reducing the 1990-91 value to $200,000. Plaintiffs then petitioned defendant for relief under its supervisory power asking that the assessed value for the two prior years be reduced from $274,000 to $200,000. *See* ORS 306.115(3)(a).[1] Plaintiffs submitted information to defendant in support of their request. Defendant determined that plaintiffs did not meet the conditions for it to exercise its supervisory power and denied plaintiffs' petition. Opinion and Order No. 90-2830.

## THE LAW

The normal appeal route for property tax appeals begins with an appeal to a county board of equalization. ORS 309.100. If a taxpayer fails to timely appeal to the board of equalization, the legislature has provided an extraordinary remedy for certain cases. ORS 306.115(3)(a) authorizes defendant to change or correct separate assessments of property under certain circumstances. The statute provides:

> "(3)(a)  The department may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current assessment year and for either of the two assessment years immediately preceding the current assessment year if for the year to which the change or correction is applicable:
>
> "* * * * *
>
> "(B)  The department discovers that with respect to the value given to the separate assessment of property on the

---

[1] All references to statutes and regulations are to the 1989 Replacement Part.

assessment or tax roll that a gross error in value exists; * * *." ORS 306.115(3)(a)(B).

Plaintiffs claim that the assessment on the tax roll is a gross error and they are entitled to have the department correct it.

## ISSUES

Plaintiffs' complaint raises three issues:

1. Were plaintiffs entitled to a hearing before the department?

2. Does a final order of a board of equalization, drastically reducing the assessed value of the property, establish a gross error in assessed value for prior years?

3. Did the Multnomah County assessor and the defendant commit "fraud" in connection with the assessment of plaintiffs' property?

## ENTITLEMENT TO HEARING

Plaintiffs claim they were entitled to a hearing under ORS 305.115 before the department could deny their petition under ORS 306.115. Plaintiffs' claim ignores and conflicts with defendant's administrative rule. OAR 150-306.115(2), after noting that ORS 306.115 is an extraordinary remedy, provides:

"Before the substantive issue can be considered, the petitioner has the burden of presenting information which demonstrates that the requirements of ORS 306.115 and OAR 150-306.115 have been met. A determination will be based on the record before the department.

"* * * * *

"If a determination cannot be made from the written information, a supervisory hearing will be held. At a supervisory hearing the substantive issue in the appeal will not be considered. Rather, the department will consider only whether the requirements of ORS 306.115 and OAR 150-306.115 have been met.

"If a determination can be made from the written information, a supervisory hearing will not be held."

Plaintiffs submitted information which defendant apparently found sufficient to make a determination. However, defendant did not find it sufficient to show gross error.

Plaintiffs have not shown defendant erred in its decision. They have not shown defendant had insufficient information to make a determination as to the existence of a gross error. Consequently, they have not shown that it was necessary to grant them a hearing to establish the existence of a gross error.

## BOARD OF EQUALIZATION ORDER

Plaintiffs claim the final order of the board of equalization proves there was a gross error in the assessed value of the property for the prior two years. Plaintiffs advance two separate arguments in support of their position. To understand their first argument, it is necessary to consider another portion of ORS 306.115.

"The department may determine that a gross error in value exists only upon presentation of adequate information supporting the claim of gross error by the assessor or taxpayer. *'Adequate information supporting a claim of gross error' means* evidence of bona fide arm's-length sale of the subject property which reasonably reflects the value of the property as of the assessment date at issue; a written appraisal of the property which reasonably reflects its value as of the assessment date at issue, prepared using standard appraisal techniques; or *a written opinion of market value as of the assessment date at issue prepared by* any person licensed by the Real Estate Agency under ORS 696.025(1) or (7), or *an officer or employee of a county whose regular duties include the appraisal of property.*" ORS 306.115(4)(b). (Emphasis added.)

Plaintiffs' argument is as follows: Since members of the board of equalization are officers of the county and their regular duties require them to value property, then a board order, is their "written opinion of market value," and constitutes "adequate information supporting a claim of gross error." However, plaintiffs' interpretation of the statute is loose-jointed and unreasonably broad.

■ To equate a board order with an opinion of value ignores the fact that a board of equalization is composed of three people. The value set by an order may be a compromise

of the three individual opinions. It may also reflect the fact that only one side presented any evidence before the board. Likewise, it seems extremely broad to equate the valuation review duties of a member of the board of equalization with the "appraisal of property." Appraising property is an independent process reflecting the appraiser's individual investigation. This does not describe the role of a member of the board of equalization.

An order of a board of equalization addresses only the value for the assessment date appealed. ORS 306.115(4)(b) requires the written opinion value to the property "as of the assessment date at issue." Therefore, an order can never be used as such opinion for prior years.

Plaintiffs' second argument is that the board of equalization order is evidence of value of the property for the preceding year because plaintiffs introduced evidence showing that there was "no change" in the property. While the physical condition or the use of a property may remain the same, changes in the economy can result in drastic changes in market value. Even in times of even normal inflation, properties often deteriorate in physical condition but nevertheless increase in market value. Thus the maxim, "each tax year stands by itself." *T & R Service Inc. v. Commission*, 3 OTR 271, 273 (1968).

## ASSESSMENT FRAUD

Plaintiffs allege the assessor's action of increasing the assessed value of their property during the years 1988-89 and 1989-90 was "fraudulent and deceitful." Plaintiffs also allege that defendant "committed fraud" in refusing to accept the board of equalization value as the value for the prior years.

It is common knowledge that tax assessors value property on a mass-appraisal basis. While an assessor may do his or her best to assess every property at its real market value, it is inevitable that errors will occur. It is also common knowledge that property ownership carries with it responsibilities, one of which is to monitor the assessed value. If a property owner does not believe the assessed value is accurate, it is the owner's obligation to initiate appeal procedures. *Rosboro Lumber Co. v. Heine*, 8 OTR 221, 225 (1979), *aff'd*

289 Or 909, 618 P2d 960 (1980). Taxpayers should be just as alert in auditing the assessor's work in property taxation as the income tax authorities are to audit a taxpayer's self-assessment of income taxes. *See Running v. Dept. of Rev.*, 10 OTR 42, 43 (1985). Casting aspersions on the taxing authorities does not distract or excuse plaintiffs from failing to fulfill their obligations. Plaintiffs' failure to timely challenge the tax assessments cannot now shift the blame to the tax authorities.

## CONCLUSION

The court finds that plaintiffs failed to prove defendant erred in declining to exercise its supervisory authority under ORS 306.115. Accordingly, defendant's Opinion and Order No. 90-2830 dismissing plaintiffs' petition must be sustained. Defendant to recover costs and disbursements.