# IN THE OREGON TAX COURT

William B. GORDON, Jr.

*v.*

DEPARTMENT OF REVENUE

(TC 3193)

Plaintiff appeared *pro se.*

Bonni C. Canary, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered September 29, 1992.

**CARL N. BYERS, Judge.**

Plaintiff appeals from an opinion and order denying relief from interest accrued on past-due property taxes for the 1990-91 tax year.[1]

Based on the evidence adduced at trial, the court finds the following facts:

In late 1986, plaintiff resided at 3748 Southeast Main Street, Portland (Main Street). He purchased a new residence at 1553 Southeast 48th Avenue, Portland, (48th Avenue), and moved into the new residence in January, 1987. Plaintiff mailed an estimated 20 notices of change of address

---

[1] Plaintiff seeks relief for interest assessed on taxes due in the 1988-89 and 1989-90 and 1990-91 tax years. However, because the opinion and order dealt with the 1990-91 tax year, the court has jurisdiction to consider only that tax year.

to his creditors and others, including one to the Multnomah County Assessor (county). He also arranged a forwarding address with the post office. Later in 1987, plaintiff received his property tax statement for the 48th Avenue property for 1987-88. He paid those taxes in full on November 3, 1987. Since plaintiff timely paid the full amount, he was entitled to the 3 percent discount. The county issued a refund check of $30.41 to plaintiff on March 4, 1988. Plaintiff received and negotiated that check. From the evidence, the tax statement and the refund check must have been sent to the old Main Street address and then forwarded to plaintiff by the post office.

Plaintiff did not receive any property tax statements for 1988-89 or 1989-90. Late in 1990, plaintiff called the county and learned for the first time that the county records did not show his new 48th Avenue address. When plaintiff purchased his new residence, the deed showed that after being recorded it should be returned to the old Main Street address. Since the county had received no other written direction from plaintiff, it continued to use the old address. By the time plaintiff made inquiries, taxes for two years were past due and interest had accrued. Plaintiff subsequently paid the taxes but refused to pay the interest on the grounds the county mishandled information.

Plaintiff's position assumes the county received a notice of change of address. While that assumption may have been valid to begin with, subsequent events put plaintiff on notice that the county did not have his correct address on file. The 1987-88 tax statement and the subsequent refund check were both mailed to the old Main Street address. Since plaintiff received both mailings, he should have noticed that they were not addressed to the new 48th Avenue address. Likewise, when plaintiff did not timely receive his 1988-89 tax statement, he should have realized there was some problem.

Plaintiff counters with the argument that when the later tax statements were sent to the old Main Street address and returned undelivered, the county should have realized it did not have his correct address. Plaintiff believes the county was obligated to take steps to locate his correct address.

■ As this court previously pointed out in *Running v. Dept. of Rev.*, 10 OTR 42, 43 (1985), the property tax system in some ways is the mirror image of the income tax system. That is, under the income tax system, the taxpayer keeps the records and assesses the tax. The government audits the records to verify they are correct and that the tax assessment is accurate. However, in the property tax system, it is the government that keeps the records and assesses the tax. The taxpayer is obligated to audit the records and verify that the assessment is correct. *See Knapp v. Josephine County*, 192 Or 327, 340-41, 235 P2d 564 (1951).

■ Plaintiff had reasonable notice that the county did not have his correct address. He was obligated to act upon that notice. Since he did not, he is not in a position to argue for application of principles of equity. While it is true that the county should have realized it did not have the correct address as early as 1988, it was not obligated to institute a search for plaintiff. The legislature has expressly recognized the burden is on the taxpayer.

ORS 311.250(3) provides:

"The failure of a taxpayer to receive the [tax] statement described in subsection (2) of this section shall not invalidate any assessment, levy, tax, or proceeding to collect tax."

The court finds defendant's Opinion and Order No. 91-1171 must be sustained. Costs to neither party.