MULTNOMAH COUNTY,
a home rule subdivision of the
State of Oregon,
by and through its
Tax Collector, Janice Druian,
and its Tax Assessor, Robert Ellis

*v.*

DEPARTMENT OF REVENUE,
(Baker Commodities, Inc.)

(TC 3546)

Sandra N. Duffy, Assistant County Counsel, Multnomah County, Portland, represented plaintiff.

Robert Muir, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiff rendered September 19, 1994.

**CARL N. BYERS, Judge.**

This matter is before the court on cross motions for summary judgment. At issue is whether a taxpayer is entitled to a three percent discount for prompt payment of property taxes on omitted property.

The taxpayer, Baker Commodities, Inc., owned personal property used in its business. Under an extension agreement, it filed a timely personal property tax return on August 3, 1992. However, the county did not process the

return in time for the property to be placed on the 1992-93 tax roll.

When the taxpayer did not receive a tax statement it contacted the assessor sometime between November 15 and November 23, 1992, and inquired about the tax due. So alerted, on November 23, 1992, the assessor sent the taxpayer a notice of intent to add the property as omitted property. On December 4, 1992, the assessor sent a letter informing the taxpayer of the amount of tax due. The taxpayer paid the tax due on December 11, 1992. The property was not actually added to the 1992-93 tax roll until January 25, 1993, and, at that time, a tax bill was sent to the taxpayer.

Under these circumstances, is the taxpayer entitled to a three percent discount for prompt payment?

ORS 311.505(3)(b)[1] provides that a three percent discount shall be allowed for taxes paid in full on or before November 15 of each year. ORS 311.507(1)(a) adds that a three percent discount shall be allowed "[i]f the taxes are paid within 15 business days after the date the tax statement is mailed by the tax collector, or by November 15, whichever is the later." ORS 311.250(5) extends the discount period even further. If property is on the roll, but the taxpayer is unable to determine the amount of tax from the roll by November 5, the taxpayer can pay an estimated tax by November 20, and receive a discount for the amount paid.

■     The facts in this suit do not come within any of the above-cited provisions. The subject property was added to the tax roll as omitted property under ORS 311.207 to 311.213. Under the omitted property statute, no tax statement is anticipated. The assessor corrects the roll and extends the tax at the appropriate millage rate. The assessor then notifies the taxpayer of the correction made. ORS 311.211(2). The relevant statutes provide in part:

> "Omitted property shall be deemed assessed and any tax
> on it shall be deemed imposed in the year or years as to
> which the property was omitted." ORS 311.212

---

[1] All references to the Oregon Revised Statutes are to the 1991 Replacement Part.

"The taxes added to an assessment or tax roll under ORS 311.207 to 311.213 shall become liens on property as provided in ORS 311.405. Taxes which would have previously become delinquent if they had been properly extended upon the tax roll for the year or years as to which they were omitted, also shall be noted on the current tax roll as delinquent taxes, and shall thereafter be considered for all purposes of collection and enforcement of payment, as having become delinquent on the date they would normally have become delinquent; except that such delinquent taxes shall not bear interest for any period prior to the 16th of the month next following the month of their extension on the tax roll * * *." ORS 311.213(1).

Omitted property is a square peg and the discount provisions provide only a round hole. From the language used, it appears the legislature did not anticipate payment of taxes for omitted property in time to qualify for the discount. None of the language in the statute suggests a different intent.

Admittedly, this is a harsh result. The taxpayer filed its personal property tax return timely. The property was omitted from the roll because the assessor failed to timely process the return. The taxpayer is thus denied a discount because of plaintiff's error.[2] As noted by counsel, the 1993 legislature acted to correct this situation, but did not make the legislation retroactive. Or Laws 1993, ch 23, § 1.

■     Defendant argues that a billing sent after the omitted property was added to the roll in January 1993 constitutes a "tax statement" for purposes of ORS 311.507. However, ORS 311.250 sets forth the information that a tax statement must contain. The billing sent to the taxpayer does not qualify as a "tax statement." This merely reinforces the conclusion that the legislature did not intend to provide a discount for omitted property.

---

[2] Taxpayers have a duty to audit property tax records and to verify their property is correctly taxed. *Knapp v. Josephine County*, 192 Or 327, 340-41, 235 P2d 564 (1951); *Gordon v. Dept. of Rev.*, 12 OTR 288, 290 (1992); *Running v. Dept. of Rev.*, 10 OTR 42, 43 (1985). Taxpayers who do not receive property tax statements are well advised to take steps immediately to see that their property taxes are paid before November 15.

In view of the above, the court must set aside department's Opinion and Order No. 92-6207 and enter judgment denying a discount. Now, therefore,

IT IS HEREBY ORDERED that defendant's Motion for Summary Judgment is denied and Opinion and Order No. 92-6207 is set aside; and

IT IS FURTHER ORDERED that plaintiff's Motion for Summary Judgment is granted. Costs to neither party.