DECISION
Plaintiff has appealed the real market value (RMV) of his land for the 2008-09 tax year. Trial was held by telephone October 28, 2009. Plaintiff appeared on his own behalf. Defendant was represented by Jeff Sanders, county appraiser, and Leslie Cech, appraisal supervisor.
 I. STATEMENT OF FACTS
The subject property is a 3.88 acre parcel improved with Plaintiff's single-family residence, identified in the assessor's records as Account R327235. Only the value of the land is at issue. The lot is irregular in shape — approximately 170 feet wide and 1,000 feet deep — and slopes drastically from the front of the lot, where the house is located, to the back of the lot, which is covered with trees and underbrush, dropping slightly more than 150 feet front to back. Plaintiff's parents developed the property approximately 70 years ago. The majority of Plaintiff's property is impacted by environmental overlays (environmental protection zone and environmental conservation zone) that restrict, but did not preclude, development. The environmental zoning protections were put in place in 2002.
For the 2008-09 tax year, Defendant placed an RMV on the land of $648,500. Plaintiff appealed to the county board of property tax appeals (board), and the board reduced the land *Page 2 
RMV to $446,000. Plaintiff asserts that the land RMV is between $230,000 and $330,000. Defendant has asked the court to sustain the board's RMV.
 II. ANALYSIS
The issue in this case is the RMV of Plaintiff's 3.88 acre lot as of January 1, 2008, which is the assessment date for the 2008-09 tax year.See generally ORS 308.007.[1] ORS 308.205(1) defines real market value as:
 "* * * the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."
The party seeking affirmative relief has the burden of proof and, initially, the burden of going forward with the evidence. ORS 305.427. Plaintiff is the moving party and therefore shoulders the burden of proof which, by statute, is a "preponderance" of the evidence. See ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. of Revenue, 4 OTR 302, 312
(1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof." Reed v. Dept. of Rev.,310 Or 260, 265, 798 P2d 235 (1990).
"The value of property is ultimately a question of fact * * *." ChartDevelopment Corp. v. Dept. of Rev., 16 OTR 9, 11 (2001). The court looks for "arm's length sale transactions of property similar in size, quality, age and location" to the subject property in order to reach a correct RMV. Richardson v. Clackamas County Assessor, TC-MD No 020869D, WL 21263620 *3 (Mar 26, 2003).
Plaintiff views his property as essentially two separate lots: the 0.88 acres under and around the house, which Plaintiff considers to be his yard, and the remaining three acres behind *Page 3 
the home, which Plaintiff views as essentially useless because of the steep terrain and environmental overlays that severely limit any division and development of that property.
Plaintiff arrives at his value estimate by resorting to county assessed values (RMV on the assessment rolls) for a lot approximately 0.88 acres in size, and assessed values for a three acre lot. Plaintiff notes that the assessment records for his property show that the "Unit Price" for a buildable lot is $215,000, which Plaintiff says he was told was the "base lot value" for a 20,000 square foot lot. (Ptf's Ex 23.) The adjoining 0.87 acre lot that Plaintiff asserts is superior to his property has a county RMV for the 2008-09 tax year of approximately $264,000. (Ptf's Ex 24.) Plaintiff concludes that the value range for his 0.88 acres of developed land is between $215,000 and $264,000.
Plaintiff values the remaining three acres by reference to two nearby vacant parcels impacted with environmental overlays, one of which is valued at $5,000 per acre, and the other at $22,000 per acre, for a range of $15,000 to $66,000 for Plaintiff's three acres. (Ptf's Exs 25, 26.) Adding the two "lot" values, Plaintiff arrived at a range of value for the entire 3.88 acres of between $230,000 and $330,000.
The problem with Plaintiff's approach is that he relies on county assessed values, established through mass appraisal techniques. This court has previously rejected such an approach, stating:
 "It is common knowledge that tax assessors value property on a mass-appraisal basis. While an assessor may do his or her best to assess every property at its real market value, it is inevitable that errors will occur."
Jones v. Dept. of Rev., 12 OTR 237, 241 (1992). Market transactions are preferred, because the statute requires the RMV to be determined based on "the amount in cash that could reasonably *Page 4 
be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction." ORS 308.205(1).
Defendant views Plaintiff's property as a multi-acre single site because, while there is a potential for dividing and developing the property, current zoning restrictions, access, and topography limit such prospects. In valuing Plaintiff's property, Defendant submitted information on the sale of three vacant parcels, the smallest of which is 1.32 acres in size, and the largest of which is 4.51 acres. All three parcels are subject to environmental restrictions. The properties sold for between $349,500 and $575,000.
Plaintiff raised concerns with Defendant's sales data, noting that two of the three properties are in a different part of town, that some of the parcels are zoned differently, and that Defendant did not provide photographs of the properties. Plaintiff also questions whether the sales prices were typical, asserting that one of the properties was bought by an environmental nonprofit society and the other was an intrafamily transaction. However, Plaintiff has the burden of proof, and market sales are preferred over assessed values. Furthermore, this court has stated that "it is not enough for a taxpayer to criticize a county's position. Taxpayers must provide competent evidence of the RMV of their property."Freitag v. Dept. of Rev., 18 OTR 368, 374 (2005) (citing Poddar v. Dept.of Rev., 18 OTR 324, 332 (Sept 1, 2005, as corrected Sept 22, 2005,)) (quoting Woods v. Dept. of Rev., 16 OTR 56, 59 (2002) (citation omitted)). *Page 5 
 III. CONCLUSION
On the evidence before it, the court concludes that Plaintiff has failed to establish an error in the RMV of his land by a preponderance of the evidence. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
Dated this ___ day of December 2009.
DAN ROBINSON MAGISTRATE
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on December 4,2009. The Court filed and entered this document on December 4, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1