DECISION
Plaintiff challenges Defendant's omitted property assessment for tax years 2003-04 through 2008-09, inclusive. In his Complaint, Plaintiff asked that the "back taxes" be waived. Defendant disagrees.
The court addressed the appeal with the parties during a case management hearing held December 30, 2009. Plaintiff appeared at the December 30, 2009, proceeding on his own behalf. Defendant was represented by Bryce Krehbiel, an appraiser with the county assessor's office. There is no dispute as to the material facts. The parties presented their respective arguments and tendered the matter to the court for disposition.
 I. STATEMENT OF FACTS
Plaintiff purchased the subject property in 1993. Plaintiff owns property under five separate assessor property accounts. This appeal involves only one of those accounts, Account 1626280.
Plaintiff added a large farm building to the subject property in 1994. The building is approximately 132 feet long and 24 feet wide. The tax statement for the subject account reflected a land value but no improvement value through the 2008-09 tax year. Defendant *Page 2 
discovered the building in 2009 and added it to the assessment and tax rolls as omitted property for the six tax years from 2003-04 through 2008-09. Plaintiff timely appealed.
Plaintiff argues that is unfair for Defendant to impose back taxes on the building because he obtained all the necessary building permits to construct the building, the building is clearly visible from the road, and he made no effort to hide the existence of the building (for example, by constructing the building without permits and placing it in a location where it could not easily be seen). Plaintiff contends that it was the assessor's responsibility to discover that he added the building. Plaintiff further stated that he has paid his taxes every year and has done nothing wrong. Plaintiff stated that he would go to jail before he would pay the taxes on the omitted property assessment because it was fundamentally unfair. Plaintiff insists that the problem is a mistake made by the county and that he should not have to pay for their mistake. Finally, Plaintiff stated that his actions were reasonable because his tax statement every year showed both a land value and an "improvement" value, and he assumed that the disputed building was included in that value. However, as it turns out, that improvement value is on another account that includes Plaintiff's home. The account to which the omitted property was added had only a land value for all the years Plaintiff has owned the property; there was no improvement value on Plaintiff's annual tax statements for Account 1626280.
 II. ANALYSIS
A. Omitted Property Assessment Laws
Oregon law requires the assessor to add property omitted from the assessment and tax rolls upon discovery that any such property has been omitted therefrom. ORS 311.216 to 311.235.[1] ORS 311.216 provides, in relevant part: *Page 3 
 "Whenever the assessor discovers or receives credible information, or if the assessor has reason to believe that any real or personal property * * * or any buildings, structures, improvements or timber on land previously assessed without the same, has from any cause been omitted, in whole or in part, from assessment and taxation on the current assessment and tax rolls or on any such rolls for any year or years not exceeding five years prior to the last certified roll, the assessor shall give notice as provided in ORS 311.219."
(Emphasis added.)
ORS 311.219, in turn, requires the assessor to give written notice to the person in possession of the property that the assessor intends to add the property to the assessment or tax roll under ORS 311.216. The notice "shall describe the property in general terms, and require the person to appear at a specified time, not less than 20 days after mailing the notice, and to show cause, if any, why the property should not be added to the assessment and tax roll and assessed to such person." ORS 311.219. If the person either fails to appear or does not adequately persuade the assessor that the assessment should not be made, "the assessor shall proceed to correct the assessment or tax roll or rolls from which the property was omitted." ORS 311.223 (1).
Plaintiff acknowledges that the building was erected in 1994 and was not subject to assessment and taxation prior to the omitted property assessment. The assessment appears to have been made in accordance with applicable law. Plaintiff, in fact, did not challenge Defendant's legal authority to add the building as omitted property. Rather, Plaintiff feels the assessment is unfair because he did nothing wrong and it was the assessor's responsibility to make sure that the assessment and tax rolls were accurate.
B. Responsibility
Plaintiff insists it was the assessor's responsibility to become aware of the existence of the building and to put it on the assessment and tax rolls. Plaintiff argues that if the assessor's *Page 4 
office had checked the county planning department's permit records, it would have discovered that Plaintiff had obtained permits to construct a building. That information, Plaintiff argues, should have led to the discovery of the disputed building, and the assessment and taxation thereof, when that structure was originally erected in 1994.
Plaintiff is correct in one sense. ORS 308.210 requires the assessor "to assess the value of all taxable property within the county, except property that by law is to be otherwise assessed * * * [and to] maintain a full and complete record of the assessment of the taxable property for each year as of January 1, at 1:00 a.m. of the assessment year, in the manner set forth in ORS 308.215." However, as explained above, when, as in the present case, the assessor is unaware of the existence of property and subsequently discovers that such property has been omitted from assessment and taxation, the assessor is statutorily required to go back to add the value of the property to the rolls as omitted property.
Turning to the more precise question of the ultimate responsibility between the property owner and the assessor, Plaintiff misunderstands the respective roles of the parties. This court has previously ruled that it is the taxpayer's responsibility to audit the assessor's records. Runningv. Dept. of Rev. (Running), 10 OTR 42 (1985). Running involved an appeal by taxpayers seeking a reduction in the value of their property stemming from an error made by the assessor in measuring the size of their home, an error that apparently resulted in an overvaluation of the property.Id. at 42. That error was made in 1977, but not discovered until 1983.Id. The Department of Revenue ordered a reduction in value for the years within its jurisdiction (three of the eight years at issue). The taxpayers wanted the value reduced back to the date of the *Page 5 
mistake.[2] In that case, the taxpayers asserted that "a simple mistake should be simply corrected."[3] Id. at 43. As relevant to this present dispute, the court stated:
 "This case invites re-examination of the relationship between the government and the taxpayer in the process of assessing and collecting property taxes. Like all tax systems, both parties bear some responsibility in the process. Most citizens are painfully aware that in the income tax system it is the taxpayer who has the burden of keeping records and initially assessing the tax. On the other hand, the ad valorem or property tax system requires the assessor to keep the records and to initially assess the tax. Under both tax systems, the law imposes an obligation on the other party to verify, question, test and object to the assessing party's records or work if there is any doubt or question as to their correctness. Knapp v. Josephine County et al., 192 Or 327, 235 P2d 564 (1951). The tax authorities certainly do not hesitate to audit income tax returns and question the taxpayer's records and assessments. The property taxpayer should be just as alert in his audit of the assessor's work."
Id.
The court understands why some taxpayers would choose to remain silent in cases where they realize, or at least suspect, that the assessor has failed to value and tax some or all of their property. However, most taxpayers are unaware of the omitted property requirements imposed on the assessor by the legislature. Taxpayers who subsequently discover the assessor's ability and responsibility to go back in time and recapture unpaid taxes often react with a combination of surprise and indignation. Nonetheless, where the assessment comports with the law, the additions are mandatory. *Page 6 
C. Fairness
Plaintiff argues that it was unfair and un-American for the assessor to be able to go back and add taxes for the prior years because he did nothing wrong, and the mistake was made by the assessor. However, if the law favored Plaintiff's position, he would enjoy the benefits of the use of the building for 14 years without paying any taxes for any of those years. As it is, the statute limits the assessor to adding the building as omitted property for only 6 of the 14 years Plaintiff owned and used the building. As a result, Plaintiff had the use and enjoyment of the building for eight years without the tax burden that he would have borne had the building been assessed from the time it was constructed. Some might consider that to be unfair and un-American.
D. Intent and Culpability
Finally, Plaintiff argues that he did not do anything wrong; he obtained all the necessary permits before constructing the building, the building was in plain sight, and he did not intend to evade the taxes. That argument goes to matters of intent and culpability. The statute, however, does not require an intent to evade taxes or a culpable state in order for the assessor to add omitted property to the rolls. Fault is essentially irrelevant. If the assessor fails to assess and tax property and later discovers that such property has been omitted from the rolls, the assessor is statutorily required to add the value of the property to the rolls and impose the corresponding property tax.
 III. CONCLUSION
For the reasons set forth above, the court concludes that Plaintiff's request to have the court remove the retroactive tax assessment imposed by Defendant as part of Defendant's omitted property assessment must be, and is hereby, denied. Now, therefore, *Page 7 
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied and Defendant's omitted property assessment for Account 1626280, for tax years 2003-04 through 2008-09, inclusive, is sustained.
Dated this ___ day of January 2010.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on January 29,2010. The Court filed and entered this document on January 29, 2010.
[1] References to the Oregon Revised Statutes (ORS) are to 2007.
[2] One of Plaintiff's arguments in the present case is "fairness." It is interesting to note that taxpayers generally have different notions of fairness depending upon the type of error made by the assessor. InRunning, the assessor's error in measuring the home resulted in an overvaluation of the property and an excessive tax levy. The taxpayer in that case felt that the fair thing to do was to retroactively reduce the value and taxes for eight years. Here, the assessor failed to assess and tax Plaintiff's building for approximately 14 years, and Plaintiff believes that the fair thing to do is to preclude the assessor from retroactively changing the value and property taxes. Of course, the change in this case results in an increase in value and taxes. Plaintiff believes that the assessor should only be able to tax the omitted building from the date the assessor discovered the building.
[3] The "simple" correction that the taxpayer sought in Running was a reduction in value for all of the years they had appealed, not just those within the Department's jurisdiction. That result would have reduced the taxpayers' value for an additional five-year period. *Page 1