IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

BEVERLY WINDY GAMMON )
and RICHARD DANIEL GAMMON, )
  )
      Plaintiffs, ) TC-MD 120778C
  )
    v. )
  )
BENTON COUNTY ASSESSOR, )
  )
  )
      Defendant. ) **DECISION OF DISMISSAL**

Plaintiffs appeal Defendant's omitted property tax assessment for property identified as Account 417640 (subject property), for 2007-08 through 2011-12 tax years. The assessment added the value of Plaintiffs' home, which was omitted from the assessment and tax rolls from the time of construction until the date of the omitted property tax assessment in August 2012. A telephonic case management hearing was held on November 13, 2012. Plaintiff Beverly Windy Gammon (Gammon) appeared on behalf of Plaintiffs. Toni Blessing (Blessing) appeared on behalf of Defendant. Based on information in Plaintiffs' Complaint and Gammon's statements during the case management hearing, the court concludes that that appeal should be dismissed for lack of a justiciable controversy.

## I. STATEMENT OF FACTS

Plaintiffs purchased the subject property in September 2006. Gammon stated that at the time of Plaintiffs' purchase the subject property was improved with a newly-built home. (Ptfs' Compl at 2.) Gammon stated that Plaintiffs received tax statements each year thereafter, but because the tax liability was paid via their lender as part of their mortgage payment, they did not notice that the statements contained a land value but no value for the structure (i.e., the home).

When queried by the court, Gammon acknowledged that the tax statements each year beginning with tax year 2007-08 had a dollar amount next to the "Land" section and no dollar value next to the "Structures" section of those statements.

The error was discovered when Plaintiffs endeavored to refinance the home. (*Id.*) As part of the refinance process, Gammon telephoned the Benton County Assessor's office to ascertain the value of the home. (*Id.*) Through these communications it was discovered that the home's value had never been added to the rolls. (*Id.*) Subsequently, sometime in 2012 the subject property (primarily the home) was assessed as omitted property, resulting in additional value being added to the assessment and tax rolls for each of the previous five years. The additional value added increased the taxes owed for those years, with the total amount of back taxes due (approximately $7800) being added to Plaintiffs' 2013-14 property tax statement. (*Id.*)

Blessing stated that construction on the home began in February 2006 and was complete on June 27, 2006. Blessing explained that because the improvements were incomplete as of January 1, 2006, no improvement value was added to the rolls for the 2006-07 tax year. Construction was complete as of January 1, 2007, which Blessing admitted should have resulted in an improvement value added to the rolls for the 2007-08 tax year. However, for reasons unknown to Defendant or the court, the value of the home was not added in 2007 (2007-08 tax year).

Plaintiffs do not challenge Defendant's legal authority to add the omitted property to the assessment and tax rolls. Nor do Plaintiffs challenge the amount of additional value assessed for the subject property's home, stating that they "don't mind paying the new reassessed property tax from here on out." (*Id.*) Rather, Plaintiffs assert that Defendant should be precluded from retrospectively assessing the subject property because Defendant made the mistake by not adding

the home's value to the rolls beginning with the 2007-08 tax year. (*See id.*) Plaintiffs stated that the resulting tax liability is unfair as Defendant is the one responsible for omitting the home's value, adding that "[p]aying [five] years of back taxes all at once" poses an extreme financial hardship. (*Id.*)

## II. ANALYSIS

The issue before the court is whether Plaintiffs may challenge additional taxes due on previously omitted property on the grounds of fault, fairness, and financial hardship. The short answer is no.

Defendant has the legal responsibility to add omitted property to the tax rolls, as provided in ORS 311.205 to ORS 311.235.[1] ORS 311.216(1) states:

> "Whenever the assessor discovers or receives credible information, or if the assessor has reason to believe that any real or personal property, including property subject to assessment by the Department of Revenue, or any buildings, structures, improvements or timber on land previously assessed without the same, has from any cause been omitted, in whole or in part, from assessment and taxation on the current assessment and tax rolls or on any such rolls for any year or years not exceeding five years prior to the last certified roll, the assessor *shall* give notice as provided in ORS 311.219."

(Emphasis added.)

The type of property subject to assessment as omitted property is set forth in an administrative rule promulgated by the Department of Revenue. OAR 150-311.216 states:

> "(1) Omitted property includes any real or personal property, or part thereof, that has been omitted from the certified assessment and tax roll *for any reason*. Omitted property may include, but is not limited to, a separate freestanding structure or improvement * * *.
>
> "(2) Property may be added to the roll under ORS 311.216 if:
>
> "(a) Omitted due to the *assessor's lack of knowledge* of its existence, [or]

---

[1] All references to the Oregon Revised Statues (ORS) and to the Oregon Administrative Rules (OAR) are to 2011.

"(b) Improvements are added to or made a part of a property after that property has been physically appraised, and are later discovered by the assessor[.]"

(Emphasis added.)

To illustrate the operation of the rule, the Department of Revenue includes examples. Example 1 is similar to the present case and states: "Two years after a reappraisal, a homesite is developed, and a new single family residence is constructed. The new construction and the site development are discovered on the next physical appraisal. The assessor adds the value of the single family residence and the site development as omitted property under ORS 311.216." OAR 150-311.216.

Plaintiffs admit that they should have been assessed for the value of the home beginning in the 2007-08 tax year, but request relief due to what they assert is Defendant's oversight. As this court noted in *Jones v. Dept. of Rev.*, 12 OTR 237, 242 (1992), citing *Running v. Dept. of Rev.*, 10 OTR 42, 43 (1985), "[t]axpayers should be just as alert in auditing the assessor's work in property taxation as the income tax authorities are to audit a taxpayer's self assessment of income taxes." Moreover, the statutes and rules regarding omitted property contemplate assessor oversights. *See* ORS 311.205(1)(a). The solution adopted by the legislature was to require the assessor to add omitted property under ORS 311.216 for up to five years from the last certified roll if the property has been omitted "for any reason." ORS 311.216; OAR 150-311.216. Defendant acted in accordance with statute and rule. The court is not aware of any legal authority it has to grant the relief requested by Plaintiffs and Plaintiffs have not directed the court to any such authority. There is no provision in the relevant law for the court to overturn a tax resulting from an omitted property assessment based on accusations of fault, pleas for fairness, or financial hardship.

### III. CONCLUSION

Plaintiffs have not challenged the legal authority to impose the tax or challenged the value placed on their home for the years at issue. Nor have Plaintiffs asserted any legal authority for what amounts to a request for discretionary waiver of a tax imposed as part of an omitted property assessment. The court is not aware of any legal authority to do so. Accordingly, there is nothing for the court to resolve, and Plaintiffs' appeal must be dismissed. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is dismissed.

Dated this ___ day of December 2012.

_____
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision of Dismissal was signed by Magistrate Dan Robinson on December 7, 2012. The Court filed and entered this Decision of Dismissal on December 7, 2012.*