IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

LEE WALKER and ELIZABETH WALKER, )
)
   Plaintiffs,      )  TC-MD 170017G
)
  v.          )
)
DESCHUTES COUNTY ASSESSOR,  )
)
   Defendant.     ) **FINAL DECISION OF DISMISSAL**[1]

This matter came before the court on Defendant's motion to dismiss, made in its Answer, filed January 20, 2017. A case management conference was held on February 7, 2017. Plaintiffs filed a response to Defendant's motion to dismiss on February 15, 2017. Defendant filed a reply to Plaintiffs' response on February 27, 2017.

## I. STATEMENT OF FACTS

Plaintiffs filed their Complaint on January 6, 2016, appealing the 2016–17 tax roll real market value of property identified as Account 208907 (subject property) to this court. They did not appeal to the board of property tax appeals (BOPTA). Plaintiffs attached a seven-page printout to their Complaint captioned "Deschutes County Property Information." That printout was dated December 11, 2016, and it included a section with the heading "Account Summary." (Compl at 2.) Another section of the printout, with the heading "Tax Payment History," recorded that the subject property's 2016–17 tax assessment was paid in full on November 8, 2016. (*Id*. at 3.)

/ / /

---

[1] This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered March 21, 2017. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

The subject property was a lot in a residential subdivision in Bend that was not developed with any structures. Its 2016–17 tax roll real market value is $175,000. Plaintiffs requested that the court find it had a real market value of $10,000.

## II. ANALYSIS

The issue is whether the court has jurisdiction the decide Plaintiffs' appeal.

Generally, no appeal to this court is allowed where a taxpayer may appeal to BOPTA. ORS 305.275(3).[2] Unless an alternative basis for jurisdiction is found under ORS 305.288, the court must dismiss an appeal of a residential property's valuation if that value was not first appealed to BOPTA. *Gray v. Multnomah County Assessor*, TC 4810, WL 933072 at *1 (Or Tax Apr 8, 2008). ORS 305.288 provides two alternative bases for jurisdiction over appeals of real market value: (1) where the tax roll real market value of certain dwellings differs by at least 20 percent from the correct real market value, and (2) where a party has "good and sufficient cause" for failing to pursue the statutory right of appeal. ORS 305.288(1),(3).

Here, Plaintiffs do not dispute that they failed to appeal to BOPTA. Therefore, the court must dismiss their Complaint unless it has jurisdiction under ORS 305.288. *See Gray*, WL 933072 at *1.

Plaintiffs respond to Defendant's motion to dismiss with three allegations. First, Plaintiffs allege that they did not have a reasonable amount of time to "respond to BOPTA." (Ptfs' resp at 1.) Second, Plaintiffs allege that on January 3, 2017, court staff "confirmed that Plaintiff should proceed with filing Complaint." (*Id*.) Third, Plaintiffs argue that "they qualify for an appeal due to the fact that the property is residential, and the difference between the real

/ / /

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

market value asserted and the real market value shown on the assessment roll is 20 [percent] or greater." Plaintiffs' three allegations are addressed in turn below.

A.      *Reasonable Time to File BOPTA Appeal*

Plaintiffs made the following allegation in their response to Defendant's motion to dismiss:

> "The 2016–2017 Account Summary issued by Deschutes County was dated 12/11/16 and received by Plaintiff December 19th. A reasonable amount of time was not provided for Plaintiff to respond to BOPTA."

(Ptfs' resp at 1.) Plaintiffs' argument is that they failed to appeal to BOPTA because they did not receive the "Account Summary" until December 19, 2016.

This court has jurisdiction under ORS 305.288(3) where a taxpayer had "good and sufficient cause" for failing to pursue the statutory right of appeal. As defined by ORS 305.288(5)(b), "good and sufficient cause":

> "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and

> "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."

This court has previously held that "[f]ailing to receive a property tax statement * * * does not excuse a taxpayer from failing to timely appeal to the county board." *Pliska v. Multnomah County Assessor*, TC-MD 000912E, WL 33233813 (Or Tax M Div Nov 9, 2000). Owners of real property are presumed to know that taxes are assessed on their property each year. ORS 312.216(1) (stating presumption of notice where property subject to tax foreclosure); *see also* ORS 311.250 (stating failure of taxpayer to receive tax statement by October 25 shall not invalidate assessement). It is the taxpayers'—not the county assessor's—duty to investigate

if the taxpayer does not receive the property tax statement issued each October. *Gordon v. Dept. of Rev.*, 12 OTR 288, 290 (1992). Neither lack of knowledge nor inadvertence with respect to a property tax assessment and the appeal procedure constitutes good and sufficient cause for failing to pursue an appeal to BOPTA. *See* ORS 305.288(5)(b). No circumstance can qualify as good and sufficient cause unless it is "beyond the control of the taxpayer, or the taxpayer's agent or representative." *Id.*

Here, the fact that Plaintiffs owned property in Oregon was sufficient to notify them that taxes would be assessed each year regardless of when they received documentation of that assessment. If they did not receive their October tax statement, it was their responsibility to contact Defendant. *See Gordon*, 12 OTR at 290. Plaintiffs' choice not to investigate sooner was not a circumstance beyond their control, and is not "good and sufficient cause" for failing to appeal.[3] *See* ORS 305.288(5)(b).

B.      *Information Received Regarding Appeal Process*

Plaintiffs made the following allegation regarding information they received before filing their appeal:

> "Plaintiff relied upon [Defendant's] website with regards to appeal process. On January 3, 2017, Plaintiff clarified instructions on how to proceed with [a staff member] at the Magistrate's office. Magistrate's office confirmed that Plaintiff should proceed with filing Complaint."

(Ptfs' resp at 1.)

This court has no jurisdiction under ORS 305.288(3) unless it can determine "that good and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right

/ / /

---

[3] Material attached to Plaintiffs' Complaint indicated that the subject property's taxes were paid on November 8, 2016. That evidence suggests that Plaintiffs were, in fact, aware of their tax assessment before December 19, 2016.

of appeal." A circumstance cannot be "good and sufficient cause" unless it causes the taxpayer to fail to pursue the statutory right of appeal. ORS 305.288(5)(b)(A).

Plaintiffs have not alleged any cause for failing to appeal to BOPTA in this paragraph. They allege that they relied on Defendant's website, but do not assert that the website contained any misleading information. Their further allegations show only that they asked a member of the court's staff "how to proceed," and that the staff member correctly informed them the way to proceed in this court was to file a complaint. None of the alleged circumstances amounts to a cause for failing to file an appeal with BOPTA. Plaintiffs have not alleged sufficient facts for this court to find they had good and sufficient cause for failing to pursue their BOPTA appeal.

C.      *Alleged Substantial Error on the Assessment and Tax Roll*

This court has jurisdiction to order corrections to the tax roll values of certain dwellings where the real market value on the roll differs by at least 20 percent from the correct real market value. ORS 305.288(1). ORS 305.288(1)(a) describes the kinds of dwellings over which the court may have jurisdiction:

> "For the tax year to which the change or correction is applicable, the property was or is used primarily as a dwelling (or is vacant) and was and is a single-family dwelling, a multifamily dwelling of not more than four units, a condominium unit, a manufactured structure or a floating home."

Here, the subject property was bare land during the tax year at issue. Although it was part of a residential subdivision, no dwelling had yet been constructed on it. Therefore, the court lacks jurisdiction under ORS 305.288(1) to order a correction to its tax roll real market value.

### III.  CONCLUSION

Plaintiffs did not pursue their statutory right of appeal to BOPTA and have not shown that the court has jurisdiction to hear their appeal under ORS 305.288. Now, therefore,

/ / /

IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss is granted.

Plaintiffs' Complaint is dismissed.

Dated this ____ day of April, 2017.

POUL F. LUNDGREN
MAGISTRATE


*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by __mailing__ to: 1163 State Street, Salem, OR 97301-2563; or by __hand delivery__ to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within __60__ days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on April 7, 2017.*